# Wheeling.

## SETH H. KLINCK *vs.* RHODERICK PRICE.

### January Term, 1870.

1. The effect of a conveyance, made in New York, of real estate lying in this State, must be determined by the law of this State. But where a contract for the loan of money, to secure the payment of which the conveyance is executed, is made in New York, as to its nature, construction and validity, it is to be governed by the laws of that State. And where the law of that State relating to the subject does not appear in the record, no court of this State can judicially know what it is.

2. P. and K. were citizens of New York. P. owned lands in this State, and employed K. as an agent to come to this State and endeavor to sell the same. K. failed to make sale, and learning from P. that he was in straitened circumstances for money, proposed to loan him money, at rates that were exorbitant and usurious, if he would execute him a deed for the lands as security. P. executed a deed that was absolute and in fee simple on its face, and K executed on the same day, an agreement to P., stipulating that he might elect to repurchase the lands for a certain sum in three months, and certain other and greater sums in six and twelve months respectively, if he would so elect at the expiration of six months from the date of the agreement, which sums were largely in excess of the consideration expressed in the deed, and six per cent. interest thereon. K. refused to permit P. to repurchase after failure to elect at the expiration of six months, claiming that the sale and deed were absolute. P. filed his bill to cancel the deed, alleging that the transaction was only for the security of money, and was usurious in its character. The proofs in the cause tended to show that the transaction was a loan of money and the land was held as security. HELD:

   I. That the transaction was in effect a mortgage, and that P. was entitled to redeem the land upon the payment of the consideration expressed in the deed, with interest thereon.

II. That as the contract was made in the State of New York, and as to its nature, construction and validity, must be governed by the law of that State, and the law of that State on usury was not pleaded, the courts of this State could not judicially know what it was, and therefore, it did not appear that the transaction was usurious.

Rhoderick Price, of New York, filed a bill in the circuit court of Wood county, at September rules, 1860, alleging that he was the owner of a valuable tract of land lying in the counties of Wood and Ritchie, contiguous to the Northwestern Virginia railroad, and that on the 17th day of February, 1859, he entered into an agreement with one Seth H. Klinck, also a citizen of New York, who was by the terms thereof, to go to Virginia as the agent of Price, and endeavor to make sale of the land. That Price was greatly in need of money. That for his services as agent, Klinck was to receive the sum of 1000 dollars for the space of three months, and expenses. There were other stipulations in the agreement not necessary to be mentioned. The bill further alleged that Klinck wrote several letters to the complainant whilst in Virginia, concerning his progress in negotiating a sale of the land, which contained various items of details; in some stating that the land could be sold for seventy-five thousand dollars if it were not for the suspicions and rascality of the people, &c. The bill also alleged that some time in May, 1859, Klinck returned to New York, and informed the complainant that he could sell to parties in New York city; that they went to the city together, and after many days effort, no sale was made; that the complainant, from day to day would, in speaking of his private affairs, tell the defendant that he was greatly in need of money, and finally offered to sell the defendant fifty or one hundred acres of the land at lower rates than he had offered it to others, in order to raise money. This proposition the defendant declined, and stated that he did not wish to buy. The defendant then stated that he had thought of offering to loan some money to the complainant, but disliked to do so

as it would be hard on him—meaning that he would have to charge a high rate of interest. The defendant then proposed to loan the complainant a sum of money on certain 458 acres of land on one side of the railroad, and that the complainant could redeem it at the end of three months, by paying to the defendant the sum of 5,152 dollars and 50 cents, or at the end of six months by paying 5,725 dollars, or at the end of twelve months by paying 6,870 dollars, on certain conditions; but at the same time stated that the complainant must execute a deed for the land to the defendant, as he would not loan money on any other security than an absolute conveyance to be drawn up by a New York lawyer; and if the complainant would make the deed the defendant would do all he could to make sale of the land. That shortly after this, the defendant came to the complainant with a deed for the land drawn in New York city, and an agreement. After some negotiations, the complainant—trusting in the protestations of friendship made by the defendant—executed the deed on the 17th of June, 1859, for 458 acres of land, in fee simple, and an agreement was executed by the defendant, whereby he agreed to sell to the complainant the 458 acres of land at any time within six months, in consideration that the complainant would pay the defendant 5,152 dollars and 50 cents, if he elected to purchase the land before three months; or 5,725 dollars if he elected to purchase it within three months therefrom; or 6,870 dollars if he elected to purchase at the exact termination of six months, or within the next six months from the date of the agreement, "it being understood and agreed that the party of the second part (the complainant) shall have the exclusive privilege to purchase said premises for the time of six months from the date thereof, on the terms and conditions aforesaid, but for no longer or greater period, and on no other terms or conditions." The consideration expressed in the deed was the sum of 4,580 dollars; a part of this sum was 1500 dollars, services and expenses as per the agreement of the 17th of February, 1859; other part

thereof was money borrowed by the complainant from the defendant, in 1858, and the residue was cash, in amount over 2,000 dollars. That shortly after this, the complainant learned that defendant had put the deed upon record in Ritchie county, and wrote to him that fact, whereupon he received a reply, dated July 7th, 1859, that it was necessary that it should be recorded to avoid the operation of judgments, &c.; that he was acting in good faith, and would still aid him in making sale of the land, and hoped to reach parties in New York to that end, in the Fall; that the agreement fully protected all the interests of the complainant, &c. That in February, 1860, the complainant sent to the defendant a draft for 300 dollars, and informed him that he would send more soon, to which the defendant wrote in reply that he did not accept the draft, as complainant owed him nothing, that the contract between them expired on the 17th of December, 1859. That this was the first intimation that the defendant claimed the land to be sold in fee, unless redeemed in a certain time. The bill charged that the transaction was usurious; that if it was absolute as a fee simple conveyance, it was obtained by means of false and fraudulent representations, and without adequate consideration, as the defendant's over estimate of the value of the land was largely in excess of the consideration of the deed; that if it was not an absolute conveyance, taken in connection with the agreement of the defendant, it was a mere mortgage and must be closed according to law, and that from its character it must be held to be a mortgage and regarded as a mere loan of money and security taken for the same. It asked that the deed be cancelled and annulled, and such order made in the premises as should be deemed equitable, &c.

The defendant answered, denying all allegations of fraud; alleging that the land was at the time of sale, supposed to be valuable for deposits of cannel coal and other minerals, that the result had determined that such was not the fact; that the writings were drawn at the instance of the com-

plainant and partly paid for by him; that the complainant proposed to sell the 458 acres to him at ten dollars per acre, and reserve the right to repurchase the same according to the terms of the contract of June 17th, 1859; and that the deed was designed by both parties to be an absolute sale, and not a mortgage. It alleged that no fraud was designed or intended; that the transaction was a fair one throughout, and was not usurious or fraudulent, and that the price paid was full and adequate to the value of the land.

The depositions taken in the cause were substantially to the effect, that Klinck stated he had loaned to Price a sum of money, and had been deeded Virginia lands in security for payment; that the time had expired for payment and he regarded the land as his own.

The circuit court of Wood county decreed on the 20th of April, 1867, that the deed, although absolute on its face, was intended by the parties to be a security or mortgage to indemnify and secure to the defendant a debt, and the agreement given by the defendant, of June 17th, 1859, was intended to secure usurious interest on the debt, and that the complainant had a right to redeem the land by the payment of the sum of 4,580 dollars, without interest. The decree further provided that, upon the payment of that sum to the defendant, or to the receiver of the court, that the defendant should convey the land to the complainant, and upon his failure to do so, a commissioner was appointed for the purpose.

An appeal was taken from this decree by the defendant.

Hon. George H. Loomis, judge of the Wood county circuit court on the hearing of the cause.

*Stephenson* for the appellant.

*Lee* and *Jackson & Small* for the appellee.

MAXWELL, J. This was a bill filed in the circuit court of Wood county, by Price, to set aside a conveyance made by him to Klinck, for a tract of 458 acres of land, upon three grounds: First, because the conveyance was obtained by means of false and fraudulent misrepresentations and without adequate consideration. Second, because the conveyance was intended to be a mere mortgage to secure the payment of money due. And third, because the whole contract is usurious and therefore void.

The court below was of the opinion that the conveyance was a mere mortgage to secure the payment of money loaned at a greater rate of interest than allowed by law, and decreed accordingly, and from that decree the defendant below has appealed.

The appellant insists here that the decree is erroneous, because the conveyance was absolute and not a mere mortgage to secure the payment of money loaned, and because the contract was not usurious.

Without referring to the evidence in detail, it is clear the proofs in the record show that the conveyance was made to secure the payment of money to Klinck, and is therefore, in effect, a mortgage. *Ross* vs. *Norvell*, 1 Wash., 14; *Thompson* vs. *Davenport*, Idem, 125; *Robertson* vs. *Campbell*, 2 Call, 421; *Chapman's adm'r* vs. *Turner*, 1 Call, 280; *King* vs. *Newman*, 2 Munford, 40; *Dabney* vs. *Green*, 4 H. & M. 101; *Pennington* vs. *Hautry*, 4 Munford, 140; *Bird* vs. *Wilkinson*, 4 Leigh, 266.

Although the conveyance was made in the State of New York, its effect is to be determined by the law of this State. *The United States* vs. *Jonah Crosby*, 7 Cranch, 115. But as the contract for the loan of money to secure the payment of which the conveyance was executed, was made in the State of New York, as to its nature, construction and validity, it is to be governed by the laws of that State. What the law of New York is, does not appear in the record of the cause, and no court of this State can know judicially what it is. It does not, therefore, appear from the record that the con-

tract was usurious according to the laws of that State. It follows then that, so far as the decree of the court below held the conveyance to be a mortgage, there is no error in it, but so far as it holds the contract for the loan of money to be usurious, it is erroneous, and ought to be reversed with costs, and the decree entered here for the payment of the sum of 4,580 dollars, with interest thereon at the rate of six per centum per annum from the 17th day of June, 1859.

The other judges concurred.

DECREE REVERSED, and proper decree entered here.