JAMES BELL, executor, *vs.* HARRIET A. PACKARD.

Somerset. Opinion January 26, 1879.

*Promissory note. Lex loci. Married woman.*

A promissory note, written in this state, but signed in Massachusetts by citizens there, and then returned by mail to the payee in Maine, is a note made in Maine and to be construed by the laws thereof.

Thus, where one of the makers of such a note, thus written and signed, was a married woman, who signed it as surety for her husband, and by the laws of Massachusetts she could not thus bind herself there, the note is to be construed by the laws of this state, which authorize her to contract for any lawful purpose.

ON REPORT.

Writ dated July 3, 1877. Assumpsit on a note of which the following is a copy:

$495.74. Skowhegan, March 12, 1873. For value received we jointly and severally promise to pay James Bell, ex'r, or order, four hundred and ninety-five dollars and seventy-four cents, in one year, with interest. (Signed) Alvin Packard. H. A. Packard.

It is agreed that at the time of the signing of the note in suit, the defendant was a married woman, having separate estate and property, and living with her husband, Alvin Packard, the other maker of the note, in Cambridge, Mass., and the note was made under the following circumstances: The defendant's husband, Alvin Packard, had for a long time previous to the making of this

note, been indebted to James R. Batchelder, of Readfield, Maine, which indebtedness was represented by a note given by said Alvin Packard, at said Readfield, to said Batchelder, which note came into possession of the plaintiff, as executor of Batchelder's will.

The note being long overdue, the plaintiff wrote a letter from Skowhegan, Maine, directed to said Alvin Packard, Cambridge, Massachusetts, and there received by said Packard, requesting payment of said note, and proposing to said Alvin Packard, to give a new note, with good surety, and the plaintiff would accept such note for the old one, and give time thereon. The plaintiff, at the same time wrote the note in suit, at said Skowhegan, and enclosed the same in said letter, agreeing therein to surrender and deliver up to said Packard the old note upon the delivery of the new note with such surety. This new note, which is the note in suit, covered the principal and interest of the old note, and was signed by the said Alvin Packard and the defendant in said Cambridge, and enclosed in an envelope deposited in the post office, at Cambridge, aforesaid, directed to the plaintiff, Skowhegan, Maine, and there received by him.

Upon its receipt the plaintiff immediately enclosed the old note in an envelope, deposited in the post office at said Skowhegan, and directed to said Alvin Packard, Cambridge, Massachusetts, and the same was duly received by him.

In June, 1874, the said Alvin and H. A. Packard resided in Readfield, Maine. He was in failing health, and the parties were then and there called upon by the plaintiff, and the note in suit presented for payment. The defendant was asked by the plaintiff what means she or her husband had with which to pay the note, or if she or her husband had any property by which the payment of the note could be secured, and the plaintiff was informed that there was no property to secure the note with; then plaintiff said to defendant, "there are policies on your husband's life, payable to you at his death," and he, plaintiff, presumed that she, defendant, would pay the note out of that fund, and defendant replied to plaintiff, that she would not pay the note if she could help it, but supposed she would be obliged to.

The consideration of the note in suit was a debt due by the defendant's husband to the plaintiff's testator, for which she was not liable, and it was a contract not made in reference to her separate property. She signed the note as surety for her husband, without any consideration received by her, or any benefit to her separate estate.

It is agreed that at the time of the signing of the note in suit, by the laws and decisions of the courts of Massachusetts, a joint and several promissory note, given by a husband and his wife, for a consideration received only by the husband and given to pay her husband's debt, and without any consideration received by her or any benefit to her separate estate, was not, in law, a valid contract against her there.

The law court is to render such judgment as the law and facts require.

*James Bell & E. O. Bean,* for the plaintiff.

*E. F. Webb,* for the defendant.

The case involves the consideration of two questions: 1. The *lex loci contractus*; 2. The interpretation of the contract.

I. As to the place of contract.

The note is written and dated at Skowhegan, Maine; it was signed and executed at Cambridge, Massachusetts, and there deposited in a letter in the post office, directed to plaintiff at Skowhegan; all this at request of plaintiff.

The contract was made in Massachusetts, and should be interpreted by the laws of that commonwealth, where the defendant resided when they signed the note. The note was payable in law at Cambridge. If it had gone to protest, the demand would have been made on the defendant at Cambridge. The place of performance was there. If a question of usury arose about the note, it would have to be determined by the laws of Massachusetts. It is true the old note was to be returned by plaintiff from Skowhegan to defendant at Cambridge. But that is no part of the contract whatever. Defendant had performed every act required of her, and which she could perform, when she mailed the letter containing the note at Cambridge, post paid. When the letter

was mailed neither the plaintiff nor defendant could rescind the contract without the consent of the other. A contract is complete upon the posting by one party of a letter addressed to the other, accepting the terms offered by the latter, notwithstanding such a letter never reaches its destination. *Duncan* v. *Topham*, 65 E. C. L. 225.

Where an offer is made by letter, an acceptance by written reply takes effect from the time when the communication is sent, and not from the time when it is received by the other party. *Levy* v. *Cohen*, 4 Geo. 1.

An acceptance of a contract is made when the party receiving the offer puts into the mail his answer accepting it. 1 Pars. on Con. 407.

A person putting into the post a letter declaring his acceptance of a contract offered has done all that is necessary for him to do, and is not answerable for casualities occurring at post office. *Dunlop* v. *Higgins*, 1 H. of L. Cases, 381.

The contract is closed by mailing the letter of acceptance, although it never reached its destination. *Duncan* v. *Topham*, 8 C. B. 225.

And if the contract be made by letter, then it is made when the party receiving the proposition puts into the mail his answer accepting it, or does an equivalent act. 2 Pars. on Con. 95.

In this case the plaintiff appointed the U. S. mail as his agent or carrier to take the note from Cambridge to Skowhegan. The same principles will apply as if the plaintiff had ordered goods at Cambridge by letter and directed them to be delivered to a railroad corporation for transportation. A delivery to the carrier designated by plaintiff has the same effect as a delivery to the plaintiff himself. *Murchant* v. *Chapman*, 4 Allen, 364. *Hunter* v. *Wright*, 12 Allen, 550.

It is not necessary that the purchaser employ the carrier personally. *Ib.* 6.

Where one party proposes by mail a contract with another residing at a distance, and the latter accepts it and deposits his acceptance in the post office, addressed and to be transmitted to the former, the contract is complete. *Vassar* v. *Camp*, 11 N. Y. 441.

And the same doctrine is held in *Weston* v. *Genesee Mut. Ins. Co.* 12 N. Y. 258, which was a contract for insurance by the plaintiff, a resident of Canada, with the defendants doing business in New York.

The fact that the note is dated at Skowhegan is immaterial.

An agreement for a loan of money was made in New York and the money advanced there. A note dated in Nebraska, payable in New York, and a mortgage on lands in Nebraska, were given to secure the debt. *Held*, that the fact that the note was made and dated in Nebraska was immaterial, for the note was but an incident to the agreement, and the contract was to be governed by the laws of New York. *Sands* v. *Smith*, 1 Neb. 108.

Where a proposal to purchase goods is made by letter, sent to another state, and is there assented to, the contract of sale is there made in that state. *McIntyre* v. *Parks*, 3 Met. 207.

When defendant mailed the note at Cambridge, she assented to the proposal made by plaintiff. After the letter was mailed neither party could revoke the contract.

An offer by underwriters to insure property on certain terms, sent to the owner by mail, cannot be revoked after it has been received by him, and accepted by a letter deposited in the post office the next day, and addressed to the underwriters. Such acceptance makes a complete contract to insure, which a court of equity will enforce by compelling the underwriter to pay the amount agreed to be insured. *Tayloe* v. *Insurance Co.*, 9 How. 390.

The fact that the old note was to be returned or sent from Skowhegan to Cambridge does not affect the place of contract. As in *Abberger* v. *Marrin*, 102 Mass. 70, plaintiff gave an order for merchandise in Massachusetts to defendant, whose place of business was in New York; defendant delivered the merchandise on the cars in N. Y.; plaintiff paid freight in Massachusetts. *Held*, an executory contract in Mass., and completed in N. Y.

II. As to the interpretation of the contract. It must be interpreted according to the law of the place where made. *Lindsay* v. *Hill*, 66 Maine, 212.

By the report, the defendant at the time she signed the note

was a married woman, and had received no consideration, or any benefit to her separate estate, and is not bound as a surety on a note given by her husband; and her promise was wholly void. Gen. Sts. of Mass. c. 108, § 3. *Athol Machine Co.* v. *Fuller*, 107 Mass. 437. *Willard* v. *Eastham*, 15 Gray, 328. *Heburn* v. *Warner*, 112 Mass. 271. *Burns* v. *Lynde*, 6 Allen, 313.

VIRGIN, J.   On or before March 12, 1873, the plaintiff, a resident of Skowhegan, holding an overdue note against the defendant's husband, then a resident of Cambridge, Mass., wrote the note in suit and inclosed it in a letter addressed and mailed to the latter in Cambridge, therein agreeing to surrender the old note upon the delivery of the new one signed by him with a good surety.   Accordingly the new note was signed by the defendant's husband and herself and mailed to and received by the plaintiff at Skowhegan; who, thereupon, inclosed the old note to Packard at Cambridge.

The case also finds that, when the note was signed by the defendant, she was a married woman; and that, by the law of Massachusetts, she could not thus bind herself there.

In this state, however, a married woman may contract for any lawful purpose.   R. S., c. 61, § 4.

Upon these facts the principal question for determination is, where was the note in suit made or to be paid.   For although the personal incompetency of the defendant to contract as surety for her husband in Massachusetts, will, so far as all such contracts made there are concerned, follow her everywhere, still it will not be regarded as to such contracts made or to be performed here, where no such disqualification is acknowledged.   *Polydore* v. *Prince*, Ware 402.   Story Conft. of Laws, §§ 101, 102.

Our opinion is that the note was made and intended by the parties to be paid in Skowhegan.   For although it was signed in Cambridge, it was delivered to the payee in Skowhegan; and it was not a completed contract until delivered.   This proposition needs no citation of authorities, still we cite *Lawrence* v. *Bassett*, 5 Allen, 140, as precisely in point.

But even if this were not conclusive, we should have no hesitation in deciding that the construction and legal effect of the note

declared on must be determined by the laws of this state, on the ground that, no contract must be held as intended to be made in violation of the law, whenever by any reasonable construction it can be made consistent with the law, and which it was competent for the parties to adopt. Story Conft. of laws, § 305 *a.*

The plaintiff's letter called for a " good surety " to the note. By the execution and delivery of it, the makers must be presumed to have intended a *bona fide* and not a *mala fide* compliance with the proposition. But if the note was made in Massachusetts, and intended to be payable there, then it was illegal and void and an intended fraud by the makers, since they must be presumed to have known the law of their domicile ; whereas, if made or intended to be paid in this state, it would be legal and valid. It should therefore in the absence of any legal principle forbidding it, be considered as intended by the parties to have been made with reference to the law of the place where legal.

*Judgment for the plaintiff*
*for the amount of the note.*

APPLETON, C. J., DANFORTH, PETERS and LIBBEY, JJ., concurred.

. NOTE.—See, to same effect, *Milliken* v. *Pratt,* 7 Rep. 390, decided in Massachusetts since this opinion was announced. REP.