Stewart, J.
This judgment is now sought to be reversed for the following reasons:
First — That the petition does not state sufficient facts to constitute a cause of action.
Second — That the judgment is not sustained by sufficient evidence, and is contrary to law.
As to the first ground of error, it is claimed that the petition is defective in not stating that at the time of bringing the action, th.e defendant was possessed of separate property.
There are two cases in Ohio which seem to sustain the claim of plaintiff in error. Jenz v. Gugel, 26 Ohio St. 527; Hill v. Myers, 46 Ohio St.
Rut another principle of law intervenes to correct this error, if it is one, and that is that the omission in this regard is supplied by the answer, and also by the evidence. That in determining whether or not error has intervened, the court must look at the whole record, is so well settled in Ohio as hardly to need a citation of authorities; and looking at this whole record, this defect in the petition did not affect any substantial rights of the plaintiff in error and must, therefore, be disregarded. Rev. Stats. § 5115; Insurance Co. v. Kelly, 24 Ohio St. 345, 357: Insurance Co. v. McGookey, 33 Ohio St. 555; Louderman’s Ex’r, v. Judy, 2 C. C. R. 351.
It was admitted on the trial that by the laws of Pennsylvania this bond, as to the plaintiff in error, is absolutely void.
It is, therefore, necessary to determine whether this was a Pennsylvania or an Ohio contract.
*590 The evidence shows that the bond was signed by the plaintiff in error in Pennsylvania, and taken by her husband to Ohio; where the payor resided, and where the bond was delivered and the money handed over to her husband; and that the interest thereon was paid in Ohio.
This bond was not executed until it was delivered, and where the preliminaries of a contract and its formal execution have occurred partly in each of two or more states, its place of making is, as a sort of general rule, that at- which, by delivery or otherwise, it first becomes a contract. Bishop on Contracts, §§ 349, 1389.
In determining the place where the contract is made, the place where it was delivered as consummating the bargain controls in respect to its validity and interpretation, and not the place where it was written, signed or dated. 1 Daniels Neg. Inst. § 865.
It is clear from the foregoing authorities, that this contract was made in Ohio. Bat it is claimed that the giving of a mortgage upon lands in Pennsylvania, should and does determine this question the other way. That it does not, we think is settled by the case of Lockwood v. Mitchell, 7 Ohio St. 388.
It is further claimed that, because under the laws of Pennsylvania this bond was absolutely void, the act of the plaintiff’ in error in authorizing her husband to carry it to Ohio and deliver it there was also void. As a general proposition, if an act is void where done, it is void everywhere, but we think this question has been settled by authority and that the decisions are supported by reason.
In the case of Bell, Ex’r v. Packard, 69 Me. 105, it was held :
“ A promissory note, written in this state, but signed, in Massachusetts, by citizens there, and then returned by mail to the payee in Maine, is a note made in Maine, and to be construed by the laws thereof.
“ Thus, where one of the makers of such a note, thus written and signed, was a married woman, who signed it as surety for her husband, and by the laws .of Massachusetts she could not thus bind herself there, the note is to be construed by the *591 laws of this state, which authorizes her to contract for any lawful purpose.”
And also in the case of Millikin v. Pratt, 125 Mass, 374, it was held:
“ The validity of a contract, even as regards the capacity of the parties, is generally to be determined by the law of the state in which it is made.
“ If an inhabitant of this commonwealth buys goods personally in another state, or orders them by letter mailed here, and they are delivered to a carrier for him there, the contract is made in that state.
“ A contract of guaranty, signed in this commonwealth and sent by mail to another state, and assented to and acted on there, for the price of goods sold there, is made in that state.
“A contract, made in another state by a married woman domiciled here, which a married woman was not at the time capable of making under the law of this commonwealth, but was then allowed by the law of that state to make, and which she could now lawfully make in this commonwealth, will sustain an action against her in our courts, although the contract was ma.de by letter sent from her here, to the other party there.”
In both these cases the precise question here made was raised and determined adversely to the claim of the plaintiff, and we think correctly.
But the plaintiff in error also claims that it appearing that she executed a mortgage upon certain specific property, it can not be claimed that she intended to charge any other property ; that the specific lien given negatives all other presumptions.
It seems to us that our own decisions show that this claim of plaintiff in error is not well taken, and that the syllabus in the case of Avery v. Vansickle, 35 Ohio St. 270, is sufficient to justify us in so holding. It is :
“ A judgment in an action to foreclose a mortgage executed by husband and wife, to secure the payment of the wife’s promissory note, constitutes no bar to a subsequent action to *592 subject the separate estate of the wife to the payment of a deficiency arising upon the sale of the property mortgaged.
Nash & Lentz and L. J. Qritchfield, for plaintiff.
Powell, Owen, Ricketts & Black, for defendant.
“Where a married woman acquires title to property by purchase, and executes her promissory note therefor, an implication arises, in the absence of proof of a different understanding, that she thereby intended to charge her separate estate with its payment, and such implication is not affected by the fact that she, with her husband, executed a mortgage of the property purchased, to secure the payment of such note.
“ In such case, the wife will not be permitted to testify that she had no intention to charge her separate estate with the payment of such note.”
Having upon the authorities cited reached the conclusion that this contract was made in Ohio, and that the plaintiff is liable thereon, it is then claimed for her that the court below erred in rendering a personal judgment against her. At the time this action was commenced the statute of March 20,1884, was in force. See 81 Ohio L. 65.
This statute does not affect causes of action, but relates solely to the remedy in suits against married women, and hence is not within the prohibition of Rev. Stats., sec. 79. It merely affects the manner of entering the finding of the court. We are clearly of the opinion, as announced in this case when submitted upon a motion to dismiss the appeal, that since March 20, 1884, in a case like the one at bar, a personal judgment is the only proper judgment to render. And this is clearly the construction put upon the statute by the Supreme Court in Hill v. Myers, 46 Ohio St.
It follows that the judgment of the court below must be affirmed, with costs.