BOWLES v. FIELD et al.

(Circuit Court, D. Indiana. February 17, 1897.)

CONFLICT OF LAWS—CONTRACTS OF MARRIED WOMEN.
    A contract of a married woman, valid by the law of the place where it is made, is valid and binding upon her, although by the law of her domicile she is prohibited from making such a contract.

Morrow & Goodhart and D. W. McKee, for complainant.
Alexander & Alexander and Smith & Korbley, for defendants.

BAKER, District Judge. This is a demurrer to a part of the amendment to the bill of complaint which is exhibited here to procure the foreclosure of a mortgage upon real estate situated in the state of Indiana. The larger part of the consideration of the note, which was executed in this state, and which is secured by the mortgage in suit, rests upon certain notes alleged to have been executed by Mrs. Field, in the state of Ohio, as the surety of her husband. The note in suit is for money borrowed by Mrs. Field to pay off the notes executed by her in Ohio as surety of her husband, and also for a certain other sum of money included therein. The validity of the note as to this latter sum of money is not material to the present inquiry.
    It is insisted that the notes executed by her as surety in Ohio, and payable there, were void by reason of her coverture, and that the note executed by her for money borrowed to pay them off is pro tanto invalid. It is evident that if the notes executed by her in Ohio as surety for her husband were valid and binding obligations,

which, by an action at law, she might have been compelled to pay, in that event she might voluntarily do what she would have been compelled to do,—that is, pay them off; or, if needful, she might lawfully borrow money to make such payment, and execute a valid note to evidence such loan. It is conceded that at the time these notes were executed, to take up which she borrowed money, the law of Ohio gave to a married woman the same power to bind herself by contract as if she were unmarried. It is also admitted that, if she had been a resident of Ohio when these notes were executed, she would have been legally bound to pay them, and that, if she borrowed money in this state to pay off her own valid debts, she would have the power to execute a valid note for the money she borrowed. But it is earnestly contended that, being a resident of Indiana, and having a permanent domicile therein, a note executed by her while transiently in Ohio to a citizen of Ohio is invalid, because, by the law of her domicile, she was prohibited from entering into a contract of suretyship. It is not charged that she went to Ohio, and executed the notes as surety of her husband, for the purpose of evading the law of her domicile.

Whatever may be the views of foreign jurists, it is settled as the general rule, in countries where the common law is prevalent, that the execution, interpretation, and validity of contracts are to be governed by the law of the place where the contract is made. This rule is subject to some exceptions, among which are that the courts of no country or state are under any obligation to enforce contracts which are contrary to good morals, or are violative of its public policy, or are forbidden by its positive law. At common law a married woman was disabled to bind herself to a promissory note either as principal or surety. Her promissory notes were simply void. But long before the feme defendant executed the notes in Ohio as the surety of her husband, all the legal disabilities of married women to make contracts were abrogated, except as otherwise provided, by the legislature of this state. It was provided that a married woman should not enter into any contract of suretyship. It is clear that this limitation on her general power to contract has no extraterritorial force. The law of this state could not prevent a married woman from making a contract elsewhere; and her ability to contract with a citizen of Ohio while she was in that state would be governed by the lex loci contractus.

Judge Story, after a careful review of the authorities, says:

"That in respect to questions of minority or majority, competency or incompetency to marry, incapacities incident to coverture, guardianship, emancipation, and other personal qualities and disabilities, the law of the domicile of birth, or the law of any other acquired and fixed domicile, is not generally to govern, but the lex loci contractus aut actus,—the law of the place where the contract is made or the act is done." Story, Confl. Laws (7th Ed.) § 103.

In Scudder v. Bank, 91 U. S. 406, the supreme court sums up the general principles in these words:

"Matters bearing upon the execution, the interpretation, and the validity of a contract are determined by the law of the place where the contract is made. Matters connected with its performance are regulated by the law prevailing at the place of performance. Matters respecting the remedy, such as bringing of

suit, admissibility of evidence, statutes of limitation, depend upon the law of the place where the suit is brought.

In Pearl v. Hansborough, 9 Humph. 426, the supreme court of Tennessee said that a contract for the purchase of slaves made by a married woman in that state was void, although she was a citizen of the state of Mississippi, by whose laws such a purchase by her would have been valid.

In Evans v. Beaver, 50 Ohio St. 190, 33 N. E. 643, it was held, where a married woman resident in Indiana entered into a contract in that state which was made payable there, that a mortgage duly executed by her upon real estate owned by her in Ohio to secure such contract could not be enforced.

In Bell v. Packard, 69 Me. 105, the plaintiff, a resident of Skowhegan, Me., holding an overdue note against Alvin Packard, the husband of the defendant, Harriet A. Packard, then a domiciled resident of Cambridge, Mass., wrote the note in suit at Skowhegan, and inclosed the same in a letter directed to Alvin Packard, at Cambridge, and there received by him, agreeing in the letter to surrender the old note upon the delivery of the new one, signed by him with a good surety. The new note was duly signed by Alvin Packard and the defendant, at Cambridge, and there mailed to, and was received by the plaintiff at, Skowhegan. The plaintiff thereupon mailed, at Skowhegan, the old note to Alvin Packard, at Cambridge, who duly received the same. The defendant signed the note as surety of Alvin Packard, her husband, without any consideration received by her, or any benefit to her separate estate. At the time the note was signed, a married woman could not bind herself in such a way in Massachusetts, but she could in Maine. The defendant, Mrs. Packard, being sued in Maine, was held liable.

In Milliken v. Pratt, 125 Mass. 374, it was held that a note executed in Maine by a married woman domiciled in and a citizen of Massachusetts, which note a married woman was allowed by the laws of Maine to make, but was not, by the laws of Massachusetts, capable of making, would sustain an action against her in the courts of Massachusetts, although the note was executed by letter sent by her in Massachusetts to the payee in Maine.

See, also, Klinck v. Price, 4 W. Va. 4; Robinson v. Queen, 87 Tenn. 445, 11 S. W. 38; Ruhe v. Buck, 124 Mo. 178, 27 S. W. 412; Baum v. Birchall, 150 Pa. St. 164, 24 Atl. 620; Evans v. Cleary, 125 Pa. St. 204, 17 Atl. 440; Story, Confl. Laws (7th Ed.) §§ 101–103.

There is no statute in this state which prohibits a married woman from executing a note or mortgage to raise money to pay off a debt for which she is personally liable. The notes executed by her in Ohio, although as between herself and her husband she was only surety, were by the lex loci contractus her personal obligation, and made the debt evidenced thereby, as between herself and the payee of the notes, her personal debt. When she gave her own individual note as sole maker to take up the old notes on which she was holden as surety, it became her own primary obligation. The old notes were surrendered to her in consideration of her executing, as sole maker, the note in suit. There is no statute here which prohibits a married

woman from being sued and held liable upon such a note; **and a mortgage on her own land, if it secures such note, is valid.     The demurrer will therefore be overruled, with leave to answer.**