## Robison et al. *v.* Pease.

[No. 3,572. Filed April 4, 1902.]

Husband and Wife.—*Bills and Notes.—Suretyship.—Coverture.*—The defense of coverture under the laws of Indiana cannot be interposed by a married woman in an action against her as surety on a note executed and made payable in Indiana, given to make good the default of the principal on a bond executed in Ohio in which such married woman was surety, since the bond was governed by the laws of Ohio.

From Monroe Circuit Court; *W. H. Martin,* Judge.

Action by Horace S. Pease against Mary C. Robison and others on a promissory note. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*J. E. Henley* and *J. B. Wilson,* for appellants.

*R. W. Miers* and *E. Corr,* for appellee.

Roby, J.—The appellee's action was founded upon a promissory note for $300, executed to him by appellants on January 24, 1898, at Bloomington, Indiana, and payable at a bank in said town one year after date. The appellant, Mary C. Robison, defends upon the ground that she was and is a married woman and executed said note as surety for and to secure a debt of one Borgman.

The appellee on June 10, 1897, lived at Cincinnati, Ohio. Borgman, a son-in-law of appellants, was taking an agency of some kind from him and gave a bond conditioned to collect and pay over moneys received by him in such capacity. He and his wife signed this bond at Cincinnati. Appellee's attorney examined and approved its form. Borgman mailed

it to appellants who received and signed it at Bloomington, Indiana, where they lived, and deposited it in the mail through which it was conveyed to appellee at Cincinnati. The appellants were sureties upon this bond.

Section 3112 R. S. Ohio (1897), then in force, was as follows: "A husband or wife may enter into any engagement or transaction with the other, or with any other person, which either might if unmarried; subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each other".

The note in suit was given to make good the default of Borgman and on account of moneys which it was his duty to pay. If the bond referred to was governed by the law of Ohio then the appellant, Mary C. Robison, became personally liable thereon, and her defense of suretyship must fail. *Bowles* v. *Field,* 78 Fed. 742. In *Milliken* v. *Pratt,* 125 Mass. 374, 28 Am. Rep. 241, the facts before the court seem to have been identical. In *First National Bank* v. *Mitchell,* 34 C. C. A. 542, 92 Fed. 565, they were likewise analogous to those in the case at bar. Following those authorities it is held that the bond referred to was governed by the law of Ohio, and was therefore the valid and enforcible contract of both appellants. *Bell* v. *Packard,* 69 Me. 105, 31 Am. Rep. 251; *Evans* v. *Beaver,* 50 Ohio St. 190, 33 N. E. 643, 40 Am. St. 666; *Pritchard* v. *Norton,* 106 U. S. 124, 27 L. Ed. 104; *Cochran* v. *Ward,* 5 Ind. App. 89, 51 Am. St. 229; *Armstrong* v. *Best,* 112 N. C. 59, 17 S. E. 14, 25 L. R. A. 188, 34 Am. St. 473. See note to *Ruhe* v. *Buck* (Mo. Sup.) 25 L. R. A. 178; *Robinson* v. *Queen,* 87 Tenn. 445, 11 S. W. 38, 3 L. R. A. 214, 10 Am. St. 690.

Judgment affirmed.