DEAN BOYD, *et al.*

*v.*

PANCAKE REALTY COMPANY

(No. 9982)

Submitted February 3, 1948. Decided March 2, 1948.

Fox, JUDGE, dissenting.

*George S. Wallace* and *Charles T. Wilson,* for appellant.

*John J. Hamrick,* for appellees.

LOVINS, JUDGE:

This suit was instituted in the Circuit Court of Cabell County by Dean Boyd and Eva Boyd, his wife, against Pancake Realty Company. From an adverse decree, defendant appeals.

For some time prior to 1939, H. A. Childers owned a tract of land containing approximately 50½ acres, situate in Lawrence County, Ohio. In that year Childers and wife conveyed 32 acres, more or less, out of the 50½-acre tract to David F. Thomas and Margery C. Thomas, his wife, who, in turn, conveyed the same to F. M. Carmack and Effie Carmack. Childers died seised and possessed of the 18½-acre residue of the 50½-acre tract of land, which was sold to defendant by his executrix on or about November 8, 1945.

In 1925 Childers erected a brick dwelling on what is now the 32-acre portion of the land, which he occupied as a residence. At the same time he removed a frame dwelling from the site of the brick house to a place located on what is now the 18½-acre tract of land. A driveway extended from the frame dwelling house across the 32-acre tract of land to the public highway, which driveway had been used by Childers and his tenants for many years prior to the conveyance to Thomas and wife. This record does not disclose the contents of the deed from Childers and wife to Thomas and wife. The deed from Thomas and wife to Carmack and wife does not contain a reservation of a right of way over the 32-acre tract to the 18½-acre tract.

Under date of June 20, 1946, Dean Boyd and defendant executed a written agreement at Huntington, West Virginia, for the purchase and sale of the 18½-acre tract of land for the sum of $3950.00. Boyd paid the sum of $2000.00 as part of the purchase price, the residue thereof to be paid in monthly installments of $35.00, with interest at six per cent. The agreement, among other things, provided that "Seller [defendant] agrees to finish putting stone on road to the property, which has been started." Under date of June 25, 1946, defendant conveyed the 18½-acre tract to plaintiffs by deed, which instrument contains language indicating that defendant intended to convey all of its estate, title and interest in and to the land, together with all the privileges and appurtenances thereunto belonging. By mortgage bearing the same date as the deed, plaintiffs conveyed the 18½-acre tract to defendant to secure the payment of the deferred purchase money. The land is referred to in the mortgage as being the same land conveyed to plaintiffs by defendant, and it is further stipulated that the deed of conveyance was to be recorded in the office of the Recorder of Lawrence County, Ohio, simultaneously with the mortgage. The deed and mortgage were received in the office of the Recorder of Lawrence County on the same day, and the deed was recorded August 4, 1946, the mortgage being recorded on August 5, 1946.

On or about July 10, 1946, plaintiffs moved into the dwelling house situate on the 18½-acre tract, and resided therein until sometime in the early part of August, 1946. They kept their furniture on the premises until on or about September 2, 1946. In the interim they paid two monthly installments of the deferred purchase price, amounting to $70.00, and authorized a real estate agent to sell the land for their benefit. Later plaintiffs withdrew this authorization to sell.

In the meantime defendant, having previously started repair of the road, resumed such work on or about June 24, 1946, when it was stopped by F. M. Carmack. Thereafter Boyd went to the office of defendant and endeavored to rescind the agreement of purchase and sale, but such offer of rescission was refused by defendant.

Defendant attempted to purchase a right of way through the 32-acre tract of land, but was unsuccessful. At a later date defendant requested plaintiffs to permit a suit to be instituted in plaintiffs' names in the State of Ohio for the purpose of establishing a right of way through the 32-acre tract, defendant offering to pay counsel fees and the expenses incident to such litigation. Plaintiffs refused to accede to defendant's request, giving as the reason for such refusal that they did not want to engage in litigation with their neighbor.

Plaintiffs received the deed through the mails on or about August 28, 1946, and shortly thereafter removed their furniture from the premises, as hereinbefore stated. Some fruitless negotiations followed, during which plaintiffs demanded return of the money they had paid on the purchase price, which defendant refused to do. This suit followed, in which the plaintiffs seek to "cancel" the contract, the deed and mortgage made pursuant thereto, and to recover the sums paid by them thereon.

A considerable portion of the bill of complaint deals with an alleged failure of defendant to deliver the deed of conveyance to plaintiffs, it being stated therein that such failure was due to allegedly fraudulent conduct on the part of defendant. However, in addition thereto, the

bill of complaint sufficiently alleges that the parties intended, by the agreement, to buy and sell not only the 18½-acre tract of land, but also an undisputed right of way to and from the public highway, which right of way was to be stoned by the seller.

The trial court, in rendering its final decree, found that there was no evidence of fraud in the case, but " * * * that the contract dated the 20th day of June 1946, between the plaintiffs and the defendant · should be cancelled on the ground of mistake." Accordingly, the trial court set aside the deed dated June 25, 1946; set aside the mortgage dated June 25, 1946; decreed that the plaintiffs recover from defendant sums aggregating $2070.00, representing payments made by plaintiffs to defendant thereon; decreed that plaintiffs execute and deliver to defendant an apt and proper deed conveying, without covenants of warranty, the real estate conveyed by the deed of June 25, 1946; and decreed that defendant pay the costs of this suit.

Inasmuch as all allegations of fraud related to the alleged failure of defendant to deliver the deed, we consider the trial court's finding, on proof, that no fraud existed, tantamount to a finding that there was, at least, constructive delivery of the deed. The record amply supports that finding. The deed was sent to the recorder's office for recordation, along with the mortgage bearing the same date. Recitals contained in the mortgage show that the land conveyed thereby is the same as was conveyed to plaintiffs by defendant. These actions show a clear intent, on the part of defendant, to pass the title of the 18½-acre tract of land to plaintiffs, and, on the part of plaintiffs, it shows an implied acceptance of the conveyance. When the defendant delivered the deed for recordation with intent that it take effect as its deed, and plaintiffs accepted the deed by reciting in the mortgage the fact of its execution, constructive delivery was established so as to consummate the transaction. *Bennett v. Neff*, 130 W. Va. 121, 42 S. E. 2d 793, 802.

Notwithstanding that there was constructive delivery of the deed to them, plaintiffs introduced evidence tend-

ing to prove that they did not know, until actual delivery thereof through the mails on or about August 28, 1946, that the deed failed, in express terms, to convey to them an easement over the 32-acre tract from the 18½-acre tract to the public highway. The defendant offered evidence controverting the plaintiffs' evidence in this respect. However, on this dispute of fact, the trial court has found for the plaintiffs. Such finding is not against the plain preponderance of the whole evidence, and will not be disturbed here. *Johnston* v. *Terry*, 128 W. Va. 94, 36 S. E. 2d 489. Thus, for the purposes of this opinion, we must accept as true plaintiffs' contention that they did not ascertain that the agreement was not completely performed until after they actually received the deed on or about August 28, 1946, and discovered that the deed did not expressly convey the right of way. Immediately thereafter, they attempted to repudiate the entire transaction.

The trial chancellor found that there was a mutual mistake. Such finding is equivalent to a finding of fact that the parties to the agreement contemplated conveying and receiving in addition to the 18½-acre tract of land, a known, unchallenged, and undisputed right of way for ingress and egress between said 18½-acre tract of land and the public highway. An examination of the record discloses that the trial chancellor's finding of fact in that respect is supported by the evidence. The provision in the contract that the seller would complete the improvement of the roadway satisfactorily establishes the existence of such intention. Why would the seller agree to improve the roadway, if the parties did not think that an easement therefor existed which would, by the fulfillment of the contract, inure to the benefit of the purchasers? Why agree to do that which, because of lack of ownership, could not be performed? The trial chancellor's findings, being supported by the plain preponderance of the evidence, will not be disturbed. *Johnston* v. *Terry, supra.*

The conveyance of such right of way being contemplated, plaintiffs are entitled to full performance by de-

fendant. Thus, if defendant has not and cannot convey the right of way, the agreement cannot be fully performed, and should be rescinded. The deed and mortgage made pursuant to the contract likewise must be rescinded.

But defendant argues it has conveyed the right of way. It is apparent that the deed does not expressly convey the same. If it did convey a right of way to plaintiffs, defendant did so only by reason of the necessary implication arising from the conveyance of "all the privileges and appurtenances" belonging to the 18½-acre tract.

Nor is it shown that defendant had ever been the grantee of a right of way in express terms, which it could convey to plaintiffs. It must be admitted that if any right of way existed, it was created only by a reservation thereof by implication or necessity at the time the 32-acre tract was severed from the 18½-acre tract. An examination of cases decided by the Ohio courts would indicate such a possibility. See *Ciski* v. *Wentworth,* (Ohio) 172 N. E. 276; 15 O. Jur., Easements, Sections 27, *et seq.,* and cases cited therein. But does this Court have jurisdiction to determine that question?

The contract was signed in the State of West Virginia and was to be performed in this State, in so far as performance was required thereunder on the part of plaintiffs. Thus the nature, construction and validity of the contract are to be determined in accordance with the laws of this State. *Klinck* v. *Price,* 4 W. Va. 4; *State* v. *Hall and White Co.,* 91 W. Va. 648, 653, 114 S. E. 250. However, the acts of performance under the contract, to be done by defendant, were to have taken place in the State of Ohio, where the land was situated. Thus the effect of the conveyance made pursuant to the agreement must be determined by the laws of the State of Ohio. *Klinck* v. *Price, supra; Wick* v. *Dawson,* 42 W. Va. 43, 24 S. E. 587; *State* v. *Hall and White Co., supra.*

There are two insuperable obstacles which prevent the trial court and this Court from determining the basic question of whether there was, in fact, a right of way conveyed by the deed in the instant case: (1) The land and alleged right of way are situate in the State of Ohio,

and without the jurisdiction of the courts of West Virginia; and (2) the owner of the servient tract of land is not a party to this litigation. No determination, binding either on the parties or on the land, can result from this litigation. Accordingly, we withhold any expression of opinion thereon. That matter must, of necessity, be settled by appropriate proceedings in a court of the State of Ohio.

Nonetheless, the courts of this State do have authority to construe and interpret the agreement between the parties, as hereinbefore stated. And, having jurisdiction in *personam* of the parties to the agreement, the courts of this State can, by decree, rescind the deed and the agreement of purchase and sale. *Woodcock* v. *Barrick,* 79 W. Va. 449, 458, 91 S. E. 396; *State* v. *Fredlock,* 52 W. Va. 232, 240, 43 S. E. 153; *Toro* v. *Schilling,* 108 W. Va. 612, 152 S. E. 6.

It has long been established in this jurisdiction that equity has jurisdiction to grant rescission of agreements affecting interests in land on the ground of mutual mistake as to a material existing fact. *Bruner & McCoach* v. *Miller,* 59 W. Va. 36, 52 S. E. 995. A suit for rescission is analogous to a suit for reformation of a deed. *Isner* v. *Nydegger,* 63 W. Va. 677, 60 S. E. 793. Such mutual mistake is a ground for reformation of a deed. *Johnston* v. *Terry, supra; Dyke* v. *Alleman,* 130 W. Va. 519, 44 S. E. 2d 587.

Plaintiffs were not required to adopt a course involving litigation, and we do not believe that their conduct in refusing to permit litigation to be instituted in their names amounts to inequitable conduct. It is probable that defendant's interest in the mortgage, agreement and covenants contained in the deed are sufficient, in the circumstances, to constitute a basis for a proceeding in the courts of Ohio, brought in defendant's name, to establish the right of way, if such existed. Such proceeding, though apparently considered, was not instituted. And the fact remains that defendant, by necessary implication, agreed to convey a certain tract of land, with a road affording access to it and to improve the road by having stone

placed on its surface. This they have not done and plaintiffs are entitled to rescission.

Defendant complains of the admission of certain evidence over its objection. In substance and effect, the evidence objected to by defendant was that the portion of the agreement relating to placing stone on the road was suggested by Dean Boyd; that he understood there was a right of way to the public road; that there was some discussion between Boyd and an employee of defendant to the effect that plaintiffs would not have purchased the land had they not believed there was a right of way from the public road to the land. The evidence so admitted, over objection, was given in response to leading questions, and is, in a measure, self-serving. Nevertheless, we do not think that the admission of such evidence, over the objection of defendant, constitutes reversible error. As has been hereinbefore shown, we believe the decree herein is plainly right. Thus, the admission of the incompetent evidence is not ground for reversal. *Pickens v. O'Hara,* 120 W. Va. 751, 200 S. E. 746; *Ball v. Kearns,* 41 W. Va. 657, 24 S. E. 633.

Plaintiffs assign cross error relative to the ruling of the trial court on their demurrer to defendant's special plea. The plaintiffs having prevailed in the trial court and, on appeal, in this Court, such ruling of the trial court, if erroneous, is not prejudicial and calls for no discussion.

In accordance with the foregoing, the decree of the Circuit Court of Cabell County is affirmed.

*Affirmed.*

Fox, Judge, dissenting:

I would reverse the decree of the Circuit Court of Cabell County in this case, but I would not dismiss the plaintiff's bill. I would remand the cause to said court, with direction that it require the parties to this suit to institute, in a court of competent jurisdiction, in the State of Ohio, a proper suit or action to determine whether or not the owner of the 18½ acres of land involved herein, was and is entitled to use the road referred to in the written contract between the parties hereto, dated June

20, 1946, and which contains the clause "Seller agrees to finish putting stone on road to the property, which has been started." The parties, being before the Court, may be required to take this step, under such requirements as will completely save plaintiffs from any expense or liability, and thus can be settled, once and for all, whether the said contract, and the deeds which followed, should be rescinded or cancelled.

I think all the parties understood that an easement for a right of way over the 32 acres, referred to in the majority opinion, existed on the date when the sale contract was executed. In my opinion, if such easement did not then exist the plaintiffs would now be entitled to have the entire transaction rescinded, and the money paid the defendant returned, for when the defendant agreed "Seller agrees to finish putting stone on road to the property, which has been started", it tacitly represented that it had a right to the use of the road, and to improve the same, and must make good its representation by furnishing such right of way. While there was no fraudulent representation, as the court below held, the plaintiffs should not, in the admitted circumstances, be held to have purchased property to which there was not attached the right of ingress and egress from and to a public highway. But, as stated in the majority opinion, while we cannot, in this suit, or in any other suit or action in this State, settle the question of an easement affecting real estate in the State of Ohio, we can require litigants to take steps in Ohio to determine that question, and I think we should do so for the following reasons:

The contract of June 20, 1946, was, presumably, a fair one—No one questions its fairness—The plaintiffs completed the contract by the legal, if not actual, acceptance of a deed for the property; by the payment of $2,000.00 of purchase money; and by the execution of a mortgage to secure the payment in installments of the remainder of the sum agreed to be paid, and actually paid two of such installments. They occupied the house on the property about July 10, 1946. Before they moved to the property, the defendant had begun to repair the road in ac-

cordance with its agreement with plaintiff, and was stopped by the owner of the 32 acres over which the road passes—It is reasonable to. assume that the plaintiffs learned of these facts when they occupied the property, but if not, they soon learned of them, for the defendant sought their aid in getting the matter worked out—Immediately after the contract of June 20, 1946, Dean Boyd sought to withdraw from the contract; later, if not on the same date, his wife became dissatisfied with the property. It is clear to me that they sought an excuse to avoid the agreement, and an opportunity to be released therefrom by rescission and cancellation, the relief they now seek. I do not think they come into court with clean hands, and, before granting the relief they seek, I would require such action on the part of both the plaintiff and the defendant as will finally settle, in the Courts of Ohio, the matter of the easement aforesaid. If, once it is settled that the road in question cannot be used for ingress and egress by the owner of the 18½ acre tract of land here involved, then the plaintiffs will be entitled to the relief prayed for; otherwise not.