LYTTON MANUFACTURING COMPANY v. HOUSE MANUFACTURING COMPANY.

(Filed 26 February, 1913.)

**1. Contracts, Written—Parol Evidence—Contradiction.**

When the parties to a written contract have therein expressed their meaning in plain terms, it may not be contradicted or altered by parol testimony; but when the contract is partly in writing, the oral stipulations can be made available when they do not contradict the written part.

**2. Same—Vendor and Vendee—Method of Payment.**

When in a contract of sale it is stated that the purchase price is to be paid by the vendee in money, or so many dollars, without further written specification, parol evidence may be received tending to establish, as a part of the contract, a contemporaneous agreement that a different method of payment should be accepted.

**3. Same—Terms of Payment.**

Where in a written contract of sale it is stipulated that the vendee pay for the article sold a certain sum of money, "terms net cash thirty days after installation," the specified terms of payment have reference only to the time and amount of payment and the passing of the title, and do not and were not intended to specify or control the method of such payment. *Woodson v. Beck*, 151 N. C., 144, cited and distinguished.

**4. Same—Agreement of Exchange—Consideration.**

The defendant being sued for the purchase price of a certain machine, or trap, sold under a written contract specifying the price to be in a certain sum, "terms net cash thirty days after installation": *Held*, as a method of payment presented by the pleadings, it was competent for the defendant to show by parol that the trap was inadequate for the purposes intended, and that the parties agreed as a part of the contract that the trap should be paid for by the vendor's taking it back, furnishing a sufficient and larger trap, for which the vendee was to make an additional payment and return the trap which had been furnished.

**5. Pleadings — Forms — Prayers for Relief — Practice—Contracts— Breach of Warranty.**

Under our practice, rights are declared and justice administered on the facts which are alleged and properly established, without reference to any particular form of statement in the pleading, or to the prayers for relief therein set out; and, in this case, it is *Held*, that the court erred in excluding the defendant's evidence tending to show his damage, by the way of counterclaim, in the breach of warranty of a contract of sale.

APPEAL from *Daniels, J.,* at November Term, 1912, of HALIFAX.

Civil action. Plaintiff complained of defendant and alleged that on 1 January, 1912, it sold and delivered to defendant a return trap No. 34, at the contract price of $250, under a written contract in terms as follows:

LYTTON MANUFACTURING CORPORATION,
FRANKLIN, VA.

Order No. 26.

Ship to A. C. House Lumber Company, Weldon, N. C.

Date, January 3, 1912. Via S. A. L. Ry.

Terms: Net cash 30 days after installation.

Type of trap, Return. Quantity, 1. Series, 34. Inlet, 2. Outlet, 2½. Size of trap body, ......

Price, $250. .

Remarks: F. o. b., Franklin, Va.

All traps are guaranteed by Lytton Manufacturing Corporation to be free from defective material and workmanship and subject to thirty days trial before acceptance.

Signature of purchaser: A. C. House Lumber Company.

Signature of salesman: R. D. Whitehorne.

A return trap is an implement by which water is taken from a dry-kiln and put back in the boiler. No part of said price has been paid.

There was evidence offered by plaintiff tending to support the allegations, including the written contract as above set out.

Defendant answered, admitting the sale, delivery of the trap No. 34, at the price of $250, and that no part of the same had been paid, and admitted, further, the signing of the paper-writing, claimed by plaintiff to be the entire contract between the parties. By way of counterclaim and as a further defense, defendant answered further and alleged:

"And further answering the said complaint, by way of counterclaim, this defendant says that heretofore it purchased from the plaintiff for the uses of its business, during the fall of 1910, a trap, style No. 33, to take care of 35,000 feet of pipe in connection with its dry-kilns, and that this trap was guaranteed to do this at the time of the sale and installation. It was ascertained thereafter that the trap was not large enough to take care of the water, and there was considerable waste water in the kilns, and in using this trap it was found that four kilns failed to dry as much lumber as three previously dried.

That defendant thereupon took the matter up with the plaintiff, and was told to try the trap out thoroughly, and if it would not take care of the pipe the plaintiff would exchange the installed trap for one of larger size and allow the defendant to return the No. 33 trap, which was the one installed, and put in one of a larger size, a No. 34, and pay the difference, which is the sum of $50.

"That thereafter the installed trap, No. 33, was given a thorough trial up to the month of January, 1912, when this defendant found it useless to try to use it longer, as it was deficient and not according to its guaranty, and on 5 January, 1912, an order was given for the larger trap, No. 34, in accordance with the agreement to exchange, and at the time of the giving of the order this defendant, through its president, stated to the plaintiff's president and salesman that he gave the order in accordance with the agreement to exchange, with payment of the difference in price, and that he would not pay the purchase price of $250 for the new trap ordered, No. 34, and keep the old trap.

"That the trap referred to in said order was ordered with this understanding on the part of defendant, and was shipped with this knowledge on the part of the plaintiff.

"That this defendant has at all times been willing to return the old trap, and has offered to do so, and pay the sum of $50, which was the difference in price between the two traps."

There was evidence offered by defendant tending in one aspect to sustain the position that the old trap was to be taken back in part payment of the contract price of $250, and tending also to support a claim for damages by reason of a breach of a guarantee made in the sale of the former trap, No. 33. After hearing the statement of the witness, the court "excluded all evidence bearing on the counterclaim" as set up in the answer, and charged the jury, if they believed the evidence, to render a verdict for plaintiff for contract price of $250. Verdict for plaintiff. Judgment, and defendant excepted and appealed.

*W. E. Daniel* for defendant.
*No counsel contra.*

161—28

HOKE, J. The decisions of this State are in full recognition of the principle that when the entire contract between parties has been put in writing and expressed in terms plain of meaning, it may not be contradicted or altered by parol testimony (*Fertilizer Co. v. McLawhorn,* 158 N. C., 274; *Jeffords v. Waterworks,* 157 N. C., 10; *Bank v. Moore,* 138 N. C., 529), and they are also in affirmance of the position that when the contract is partly in writing, the oral stipulations can be made available when they do not contradict the part that is written, for, as said by the *Chief Justice* in *Walker v. Venters,* 148 N. C., at page 389, "The written word abides." The doctrine as it obtains here is very well stated in the first headnote to *Evans v. Freeman,* 142 N. C., 61, as follows: "The rule that when parties reduce their agreement to writing, parol evidence is not admissible to contradict, add to, or explain it, applies only when the entire contract has been reduced to writing; and where a part has been written and the other part left in parol, it is competent to establish the latter by oral evidence, provided it does not conflict with what has been written." In that well-considered opinion and in a case in the next volume, *Typewriter Co. v. Hardwood Co.,* 143 N. C., 97, it was held, in effect, that when a note is given payable in money, or so many dollars, without further written specification, parol evidence may be received tending to establish, as part of the contract, a contemporaneous agreement that a different method of payment should be accepted. In Brown on Parol Evidence, sec. 117, it is stated as a recognized proposition that "Parol evidence is admissible to show an agreed mode of payment and discharge other than that specified in the bond." The words appearing on the face of the order, "Terms: Net cash thirty days after installation," in no wise affect the position, for these words, by correct interpretation, have reference only to the time and amount of payment and the passing of the title, and do not and were not intended to specify or control the method of such payment. *Mead v. McLoughlin,* 42 Mo., 198; *Foley and Woodside v. Mason,* 6 Maryland, 37; *Austin v. Welch,* 72 S. W., 881. In *Woodson v. Beck,* 151 N. C., 144, the application of the principle, as heretofore stated, was denied because the parol

evidence offered tended to establish throughout a radical change in the contract, of which the note sued on was an admitted part, and in *Walker v. Venters, supra,* the same ruling was made because a specific method of payment was expressly stipulated for in the writing, to wit, "so many bales of cotton, weighing 500 pounds each," and cotton being high at the time, it was held that the offer to show a parol agreement that payment could be made in money of a less amount was of the substance and in direct contradiction of the written stipulation.

In the case before us, the written contract stated the price of trap to be net $250. The testimony offered by defendant, recognizing as it did the full measure of the obligation as contained in the paper-writing, tended, as it now stands and in one aspect of it, to show as part of the contract that there was an agreement that the trap presently sold should be paid for by taking back the trap previously bought and paying $50 additional. It tended only to show a different method of payment, and, under the authorities cited, we are of opinion that the same should have been received and considered on the issue as to the amount due. Again, while the testimony may not establish that plaintiff agreed to accept a different method of payment, this being indicated by a proposed question and answer to a witness of defendant, which were excluded, the facts set up by way of counterclaim, and the evidence offered in support of same, amounted to an averment that there had been a breach of guarantee in the sale of the former trap, causing damage to defendant, and in case the former position should be determined against defendant, he is entitled to have this aspect of his case presented under proper issues, and the amount of damage, if any, ascertained and declared by way of counterclaim, and, under our decisions, this right is not affected because no such relief is asked. As said in *Cheese Co. v. Pipkin,* 155 N. C., 401, "In numerous and repeated decisions of this Court, we have held that neither a particular form of statement nor a special prayer for relief should be allowed as determinative or controlling, but that rights are declared and justice administered on the facts which are alleged and properly established," citing *Williams v. R. R.,* 144 N. C., 498-505; *Bowers*

*v. R. R.,* 107 N. C., 721, and other decisions; and *Brewer v. Wynne,* 154 N. C., 467, is a recent and well-considered case in support of the position. There is error in the ruling by which the defendant's evidence was excluded, and this will be certified, that the cause may be tried before another jury.

Error.