HALLETT WARD WHITLEY AND WIFE, KATHLEEN C. WHITLEY v. DICK O'NEAL AND WIFE, DAPHNE D. O'NEAL

No. 692SC128

(Filed 18 June 1969)

**1. Pleadings § 2— theory of pleadings**

A party is entitled to any relief justified by the material facts alleged in his pleading and established by proof, even though such facts do not justify recovery on his original theory.

**2. Fraud § 4— allegation of intent to deceive**

In order for a promissory representation to be the basis of an action for fraud, facts must be alleged from which it may reasonably be inferred that defendant did not intend to carry out such representation when it was made.

**3. Contracts § 25— breach of contract — sufficiency of allegations**

Allegations that plaintiffs and defendants agreed to sell property which they jointly owned and to divide the proceeds evenly, that plaintiffs conveyed their one-half interest in the property to the purchaser and the proceeds actually received were divided evenly, but that defendants secretly retained a 20/100 interest in the property, *are held* to state a cause of action for breach of contract.

**4. Frauds, Statute of § 6— contract to share profits from purchase and sale of realty**

An oral contract to divide the profits from the purchase and sale of real estate is not within the statute of frauds.

**5. Contracts § 27— breach of contract — sufficiency of evidence**

In an action for breach of a contract to sell property which plaintiffs and defendants jointly owned and to divide the proceeds evenly, the court

erred in granting defendants' motion for nonsuit where plaintiffs' evidence tended to show that the proceeds actually received from the sale were divided evenly but that defendants secretly retained a 20/100 interest in the property, the interest in the property retained by defendants being "proceeds" of the sale and the proceeds of the sale not having been divided evenly.

**6. Appeal and Error § 4— theory of trial in lower court**

While as a general rule a party will not be allowed to change theories when he reaches an appellate court even though the pleadings and proof justify a recovery based upon a theory not asserted in the trial court, there is no rigid rule which prevents an appellate court from considering a theory not considered below.

**7. Appeal and Error § 4— review of nonsuit — pleadings and proof support theory not asserted in trial court**

Judgment of nonsuit entered in the trial court is reversed by the Court of Appeals where the pleadings and proof show a breach of contract, notwithstanding plaintiffs argued their case in the trial court on the theory of fraud.

APPEAL from *Cowper, J.,* 21 October 1968 Civil Session, Superior Court of BEAUFORT.

Plaintiffs allege that by deed dated 1 August 1966 Roy Kessinger and wife conveyed to the plaintiffs and defendants a one-half interest each in certain property located within the town of Nags Head, North Carolina. Simultaneously with this transaction, a deed of trust was executed in the amount of $24,400, for the benefit of Roy Kessinger. Plaintiffs allege that following the conveyance, the property was operated as a general store and motel until 16 September 1966. On this date, plaintiffs and defendants agreed to sell the property provided they could find a suitable purchaser at a suitable price. Further, it was agreed between plaintiffs and defendants on this date that the total consideration received from the sale would be divided one-half to plaintiffs and one-half to defendants. These allegations are admitted by the defendants, but defendants aver that the agreement was not in writing and plead the statute of frauds.

Plaintiffs allege that in February 1967 the defendant, Dick O'Neal, told him that he had found a purchaser for the property in question at a price of $31,400, subject to the deed of trust for $24,400. Defendants, at this time, assured the plaintiffs that they would receive one-half of all that the property sold for. On 6 February 1967 plaintiffs executed a deed conveying their one-half interest in the property to Donald B. Freeman, and others, upon the assurance by the defendants that $31,400 was the full and complete purchase price. Plaintiffs allege and defendants admit that at the time of the con-

veyance plaintiffs were paid $4,000 plus one-half of the checking account of the business. It is admitted that on 1 March 1967 the defendants executed a deed for 30/100 interest in the property in question to Donald B. Freeman, and others. It is denied that the defendants were paid the equivalent of $4,000 plus one-half of the checking account of the business. Plaintiffs allege that the 20/100 interest retained by the defendants in the property in question was worth approximately $6,000; that the representations by the defendants to the effect that $31,400 was the total selling price and that the plaintiffs were receiving one-half of this amount were false and fraudulent; that in truth and fact the defendants were receiving $6,000 more from this transaction than the plaintiffs; and that the plaintiffs are entitled to recover of the defendants the sum of $3,000 which represents one-half of the value of the ⅕ interest retained by the defendants.

Plaintiffs' evidence tends to show that the plaintiffs and defendants operated the general store and motel located on the property in 1966 during the month of August and part of September. In September 1966 the parties agreed to sell the property and divide the proceeds, one-half to plaintiffs and one-half to defendants. Dick O'Neal later got in touch with the plaintiffs and told them that he had found a buyer for the property for $31,400, subject to the deed of trust. The purchasers were to pay $7,000 cash and assume the mortgage of $24,400. Dick O'Neal told the plaintiffs that this amount would be divided evenly. On 6 February 1967 the plaintiffs conveyed their one-half interest in the property to Donald B. Freeman, and others, receiving $4,000 in cash and one-half of the checking account of the business. Plaintiffs testified that the defendants received from this transaction $3,000 in cash, equipment from the business worth approximately $1,000, and one-half of the checking account. Sometime later, the plaintiffs learned that the defendants had conveyed only a 30/100 interest in the property and retained a 20/100 interest. Plaintiff Hallett Ward Whitley testified that upon learning this, he went to see Mr. O'Neal and his wife and the following conversation took place:

> "I asked him 'Don't you think I came out kind of short leg on this deal down here to Nags Head?' I said 'You all got the same money I got and you still own a fifth interest in it.' He said 'Somebody pulled one on you this time, didn't they, Hallet Ward?'"

Plaintiff Hallett Ward Whitley testified, over objection, that the defendant Dick O'Neal stated that he (O'Neal) received the same

dollar value as the plaintiff plus ⅕ interest in the property. Plaintiff Whitley stated that in his opinion the fair and reasonable market value of the ⅕ interest retained by defendants was approximately $6,000.

At the close of the plaintiffs' evidence the trial court allowed the defendants' motion for judgment as of nonsuit. From the entering of this judgment the plaintiffs appealed.

*LeRoy Scott for plaintiff appellants.*

*John A. Wilkinson for defendant appellees.*

MORRIS, J.

**[1, 2]**   In oral argument in this Court, the defendant's entered a demurrer ore tenus on the ground that the plaintiffs' complaint does not state a cause of action. There is some confusion as to what theory plaintiffs are relying upon in seeking relief. Their complaint, apparently, attempts to set forth a cause of action based upon fraud. North Carolina does not follow the strict rule that a party must succeed, if at all, only upon the theory set forth in his pleading. "This strict rule savors of the technicalities of the common law system; and North Carolina follows the more liberal view that the party is entitled to any relief justified by the material facts alleged in his pleading and established by proof, even though such facts do not justify recovery on his original theory." 1 McIntosh, N.C. Practice 2d, § 999. The facts alleged and established are controlling. *Lytton Mfg. Co. v. House Mfg. Co.*, 161 N.C. 430, 77 S.E. 233. Plaintiffs' complaint does not sufficiently state a cause of action based upon fraud because it is not alleged that the statements made to the plaintiffs by the defendant Dick O'Neal concerning the selling price of the land and the division of the proceeds were made with the knowledge that they were false. In order for a promissory representation to be the basis of an action for fraud, facts must be alleged from which a court and jury may reasonably infer that the defendant did not intend to carry out such representations when they were made. *Hoyle v. Bagby*, 253 N.C. 778, 117 S.E. 2d 760. This amounts to a misrepresentation of an existing fact.

**[3, 4]**   Paragraph No. 5 of the plaintiffs' complaint contains the following:

> "That thereafter, plaintiff operated the aforesaid property as a store and motel until September 16, 1966. That plaintiffs and defendants agreed to sell the said property, provided they could

find a suitable purchaser at a suitable price. That it was agreed between plaintiffs and defendants that the total consideration received for the sale of said property would be divided one-half to plaintiffs and one-half to defendants. That both plaintiffs and defendants began searching for a buyer for the above property."

The allegations contained in this paragraph are admitted by the defendants. We think these allegations, along with other allegations to the effect that the defendants conveyed only 30/100 of the property, retained a 20/100 interest, and received the equivalent of $4,000 plus one-half of the checking account, constitute a cause of action based upon a breach of contract. Defendants argue that this contract is not enforceable because of the statute of frauds. However, "[i]t is clear that in North Carolina an oral contract to divide the profits from the purchase and sale of real estate is not within the statute of frauds. *Newby v. Realty Co.*, 180 N.C. 51, 103 S.E. 909, 182 N.C. 34, 108 S.E. 323; *Brogden v. Gibson*, 165 N.C. 16, 80 S.E. 966." *Cook v. Lawson*, 3 N.C. App. 104, 164 S.E. 2d 29. Defendants' demurrer is overruled.

[5]    It is alleged and admitted that on 16 September 1966 plaintiffs and defendants agreed to sell the property in question and divide the proceeds. We think the 20/100 interest in the property retained by the defendants must be considered to be "proceeds" of the sale just as if they had conveyed all of their interest in the property and received interest in unrelated property plus the same amount of cash that the plaintiffs received. In either case we do not think that it can be said that there has been an equal division of the "proceeds" of the sale. Thus, the contract between the plaintiffs and defendants has been breached. We think plaintiffs' evidence was sufficient to support their allegations for recovery based upon the theory of breach of contract; therefore, the judgment of nonsuit entered below was improper.

[6, 7]    It is apparent from the briefs and oral arguments that plaintiffs argued this case in the trial court on the theory of fraud, and that the theory discussed herein has not previously been argued. We recognize the general rule that a party will not be allowed to switch theories when he gets to the appellate court, even though the pleadings and proof justify a recovery based upon a theory unasserted in the trial court. *Thrift Corp. v. Guthrie*, 227 N.C. 431, 42 S.E. 2d 601.

"However, there is no rigid rule which prevents the Supreme Court from considering a theory not considered below. Thus, upon plaintiff's appeal from judgment of nonsuit entered at the

close of the evidence, the Supreme Court has considered theories of recovery not advanced by plaintiff's attorney in his argument to the trial judge. And when the plaintiff has recovered on a theory untenable to the Supreme Court, but the facts alleged and proved justify recovery on some other theory, the court, while reversing the judgment, will not direct judgment for defendant, but will remand the case for a new trial on the tenable theory." 1 McIntosh, N.C. Practice 2d, § 999(5), p. 562.

Also, see *Jackson v. Parks,* 216 N.C. 329, 4 S.E. 2d 873; and *Voorhees v. Porter,* 134 N.C. 591, 47 S.E. 31, where new theories were considered on an appeal by plaintiff from a judgment of nonsuit.

For the reasons stated, we think there must be a

New trial.

CAMPBELL and BRITT, JJ., concur.