294 S.E.2d 78

**John LAURIE, et al.**

v.

**Sue Rose THOMAS, et al.**

**No. 15367.**

Supreme Court of Appeals of
West Virginia.

May 28, 1982.

Edgar F. Heiskell, III, Morgantown, for appellants.

Mike Magro, Jr., Morgantown, for appellees.

MILLER, Chief Justice:

We are asked to determine what the appropriate time period is for bringing a suit by certain heirs to set aside a deed which is alleged to have been fraudulently procured.

The basic facts are that on October 31, 1973, Saletta Maria Loria, a 90 year old widow, conveyed her real estate to her daughter, Sue Rose Thomas, granddaughter, Karen Sue Daniel, and granddaugh-

ter's husband, Roy Daniel, who are the defendants. The remaining sons and daughters of Saletta Maria Loria filed suit on October 11, 1979 alleging in multiple counts that the property had been obtained by fraud, coercion, and undue influence. It was also claimed that there was a lack of adequate consideration. Finally, the plaintiffs averred that the defendants had orally agreed to sell the real estate and divide the proceeds equally but had failed to do so. Relief was sought by way of rescission of the deed and an accounting for rents and profits, and alternatively a request was made to enforce the oral contract of sale.

The defendants moved to dismiss the action claiming that the statute of limitations barred the suit as to fraud and the statute of frauds precluded the enforcement of the oral contract to sell. The trial court granted the motion to dismiss holding that the one year statute of limitations contained in W.Va.Code, 55–2–12, barred the action. The court also concluded the count seeking to enforce the oral contract to sell the property was barred by the statute of frauds based on W.Va.Code, 36–1–3.

■ The main thrust of the complaint was to have the deed rescinded based upon a claim of fraud, duress, coercion, undue influence and a lack of adequate consideration. This type of claim is traditionally equitable in nature. In *Frasher v. Frasher*, 162 W.Va. 338, 249 S.E.2d 513, 517 (1978) we stated:

> "Since rescission or cancellation of a deed is an equitable remedy, failure of consideration need not be the only basis on which relief may be granted. Other grounds, such as hardship, undue influence or fraud, may be available, as noted in 26 C.J.S. *Deeds* § 21b."

*See also Boyd v. Pancake Realty Co.*, 131 W.Va. 150, 46 S.E.2d 633 (1948); *LaFollette v. Craft*, 122 W.Va. 727, 14 S.E.2d 917 (1941); *Barbee v. Amory*, 106 W.Va. 507, 146 S.E. 59 (1928); 16 Michie's Jurisprudence *Rescission, Cancellation and Reformation* § 3 (1979).

■ The fact that Rule 2 of our Rules of Civil Procedure states that "all procedural distinctions between actions, suits and other judicial proceedings at law or in equity and in the forms of action are abolished" does not mean the distinction between our various statutes of limitations and the equitable doctrine of laches are also abolished. We have not had an occasion to make this specific point before but certainly our cases dealing with our various statutes of limitations and the equitable doctrine of laches plainly suggest this conclusion. *E.g. Snodgrass v. Sisson's Mobile Home Sales, Inc.*, 161 W.Va. 588, 244 S.E.2d 321 (1978); *Carlone v. United Mine Workers of America Welfare and Retirement Fund*, 161 W.Va. 351, 242 S.E.2d 454 (1978). This point is expressly made in Lugar & Silverstein, West Virginia Rules 32 (1960):

> "The Rules do not affect statutes of limitations, so the court must determine the form of action which would have been brought under the former procedure. If the complaint discloses a cause of action enforceable heretofore in unlawful entry and detainer, the three years' statute of limitation applies." (Footnote omitted)

Rule 2 of the Federal Rules of Civil Procedure is somewhat similar to our Rule 2.[1] As explained in 4 Wright & Miller, *Federal Practice and Procedure: Civil* § 1045 (1969), the adoption of a single form of action does not obliterate the distinctions between statutes of limitations:

> "Because the creation of a single form of action is a procedural reform only, federal courts occasionally have to ascertain the historical nature or form of a particular civil action. There are three significant situations in which the federal courts sometimes are required to ascertain and apply these distinctions. They may be important in determining (1) the appropriate statute of limitation, (2) the right to a jury trial, and (3) the right to an interlocutory appeal of a court order

---

**1.** Rule 2 of the Federal Rules of Civil Procedure states:

"There shall be one form of action to be known as 'civil action.'"

staying an action." [2]

*See also Hanson v. Aetna Life & Casualty*, 625 F.2d 573 (5th Cir. 1980); *Williamson v. Columbia Gas & Electric Corporation*, 110 F.2d 15 (3rd Cir. 1939) *cert. denied*, 310 U.S. 639, 60 S.Ct. 1087, 84 L.Ed. 1407 (1940); *Zaqurski v. American Tobacco Company*, 44 F.R.D. 440 (D.C.Conn. 1967).

The defendants argue here as they did in the trial court that W.Va.Code, 55–7–8a, containing as it does the word "fraud" [3] causes the statute of limitations contained in W.Va.Code, 55–2–12, to be applicable. We have discussed the interrelationship of these two statutes at some length in *Snodgrass, supra*, and indicated that these statutes were designed to provide limitations for the bringing of common law legal actions for damages. A legal action could be maintained at common law for damages arising out of fraud and deceit as we indicated in *Zogg v. Hedges*, 126 W.Va. 523, 527, 29 S.E.2d 871, 873 (1944):

> "Ordinarily the remedy for false representation or fraud is by an action at law for fraud and deceit. *Wilt v. Crim*, 87 W.Va. 626, 105 S.E. 812; *Big Huff Coal Company v. Thomas*, 76 W.Va. 161, 85 S.E. 171; *Swarthmore Lumber Company v. Parks*, 72 W.Va. 625, 79 S.E. 723. But when it is charged that the fraud has resulted in a trust *ex maleficio* equity has jurisdiction. The bill plainly and clearly alleges facts, which, if proved, will create this character of trust. *Carleton Mining & Power Co. v. West Virginia Northern R. Co.*, 113 W.Va. 20, 166 S.E. 536; *Kersey v. Kersey*, 76 W.Va. 70, 85 S.E. 22; *State v. Phoenix Mutual Life Insurance Company*, 114 W.Va. 109, 170 S.E. 909, 91 A.L.R. 1482."

■ Where a suit based on fraud is not seeking damages but seeks to rescind a writing or impose a trust or other equitable relief, it is not a common law action for fraud but is equitable in nature. Here the relief sought is for rescission or cancellation of the deed plus an accounting for profits. The case is one in equity and the doctrine of laches applies rather than any specific statute of limitations period.

■ We have defined the doctrine of laches in rather general terms. In *Hoffman v. Wheeling Savings & Loan Association, et al*, 133 W.Va. 694, 707, 57 S.E.2d 725, 732 (1950), we made a rather extensive review of the doctrine and concluded:

> "Modern decisions have somewhat changed the original theory of laches, and time alone is not now considered a controlling factor in the application of the doctrine. It has been defined as such neglect as leads to a presumption that the party has abandoned his claim and declines to assert his right.
>
> > 'It is delay in the enforcement of one's rights as works a disadvantage to another; or, such delay without regard to the effect it may have upon another as will warrant the presumption that the party has waived his right.'
>
> 6 Digest, Va. & W.Va. 602."

In Syllabus Point 3 of *Carlone, supra*, we continued to adhere to the proposition that delay alone will not ordinarily constitute laches:

> "The general rule in equity is that mere lapse of time, unaccompanied by circumstances which create a presumption that the right has been abandoned, does not constitute laches. Syllabus Point 4, *Stuart v. Lake Washington Realty Corporation*, 141 W.Va. 627, 92 S.E.2d 891 (1956)."

■ Laches however may be applied where bonafide rights of third parties have intervened or where by virtue of some other event, it is inequitable to enforce the

---

**2.** In *State ex rel. West Virginia Truck Stops, Inc. v. McHugh*, 160 W.Va. 294, 233 S.E.2d 729 (1977), we concluded that notwithstanding the equitable nature of a suit to enforce a mechanic's lien, a counterclaim raising a legal issue for damages could be asserted and a jury trial, if demanded on the counterclaim, was required. We referred to the merger of law and equity under the Rules of Civil Procedure but obviously such procedural merger did not affect the substantive rights of the parties.

**3.** W.Va.Code, 55–7–8a(a), provides:

> "In addition to the causes of action which survive at common law, causes of action for injuries to property, real or personal, or injuries to the person and not resulting in death or for deceit or *fraud*, also shall survive; and such actions may be brought notwithstanding the death of the person entitled to recover or the death of the person liable." (Emphasis added)

claim as we recognized in Syllabus Point 2 of *Mundy v. Arcuri*, 165 W.Va. 128, 267 S.E.2d 454 (1980):

" 'Where a party knows his rights or is cognizant of his interest in a particular subject-matter, but takes no steps to enforce the same until the condition of the other party has, in good faith, become so changed, that he cannot be restored to his former state if the right be then enforced, delay becomes inequitable, and operates as an estoppel against the assertion of the right. This disadvantage may come from death of parties, loss of evidence, change of title or condition of the subject-matter, intervention of equities, or other causes. When a court of equity sees negligence on one side and injury therefrom on the other, it is a ground for denial of relief.' *Carter v. Price*, 85 W.Va. 744, 102 S.E. 685 (1920), Syllabus Point 3."

■ In the present case, the plaintiffs clearly have a right to maintain the suit against the defendants who are the grantees of a deed allegedly procured by fraud. Were it not for the deed, plaintiffs would have shared in the property as it would have been part of the estate of Saletta Maria Loria, the grantor of the deed. *Kadogan v. Booker*, 135 W.Va. 438, 66 S.E.2d 297 (1951). *Cf. Sheppard v. Clay Peacock Coal Co., Inc.*, 169 W.Va. 106, 285 S.E.2d 902 (1982).

Since the case was dismissed on the wrong theory, there is no record of whether the defendants claim any particular hardship or inequity which might involve the doctrine of laches. We do note that they may well be foreclosed from asserting laches by virtue of their own conduct if the allegations are true that the plaintiffs de-layed instituting the suit because of the defendants' promise to sell the property and divide the proceeds. We have held that where a defendant impliedly acknowledges the plaintiff's right this may preclude the assertion of laches. *Browning v. Browning*, 85 W.Va. 46, 100 S.E. 860 (1919); 7 Michie's Jurisprudence *Equity* § 40 (1976).

We do not address whether the trial court was correct in dismissing the claim seeking to enforce the alleged oral agreement. The plaintiffs claimed the defendants allegedly agreed to sell the property and divide the proceeds with the plaintiffs. The trial court held this claim was barred by the statute of frauds, W.Va.Code, 36–1–3.[4] Our declination to address this issue is based on two factors. First, the main relief sought is rescission of the deed and an accounting of profits. This would appear to provide the maximum relief. Second, the plaintiffs' brief presents no substantial argument on the issue and cites no legal theory or cases.[5] We have traditionally concluded that "[a]ssignments of error that are not argued in the brief or appeal may be deemed by this court to be waived." Syllabus Point 6, *Addair v. Bryant*, 168 W.Va. 306, 284 S.E.2d 374 (1981). *See also Quackenbush v. Quackenbush*, 159 W.Va. 351, 222 S.E.2d 20 (1976).

Because the lower court erred in applying a one year statute of limitations to this equitable action, its judgment is reversed and the case is remanded.

Reversed and Remanded.

---

**4.** W.Va.Code, 36–1–3, provides:

"No contract for the sale of land, or the lease thereof for more than one year, shall be enforceable unless the contract or some note or memorandum thereof be in writing and signed by the party to be charged thereby, or by his agent. But the consideration need not be set forth or expressed in the writing, and it may be proved by other evidence."

**5.** Some courts appear to recognize that in certain instances an oral agreement to divide the proceeds from the sale of real property is not within the provision of the statute of frauds requiring the agreement of sale to be in writing signed by the party to be charged. *E.g., Heare v. O'Reilley*, 73 Cal.App.2d 573, 167 P.2d 217 (1946); *Welborn v. Rigdon*, 231 S.W.2d 127 (Mo. 1950); *Whitley v. O'Neal*, 5 N.C.App. 136, 168 S.E.2d 6 (1969); *Schmidt v. Byrant*, 251 N.C. 838, 112 S.E.2d 262 (1960); 72 Am.Jur.2d *Statute of Frauds* § 57; 37 C.J.S. *Frauds, Statute of* § 124. These cases do not consider whether such oral contract is barred by the more general statute of frauds provision that refuses enforceability to an oral contract not to be performed within one year. W.Va.Code, 55–1–1(f).