510 S.E.2d 760

Pamela N. WOOTEN, Plaintiff
Below, Appellant,

v.

John Raymond WOOTEN, Defendant
Below, Appellee.

No. 25205.

Supreme Court of Appeals of
West Virginia.

Submitted Nov. 12, 1998.

Decided Nov. 20, 1998.

Lena S. Hill, Pineville, West Virginia, Attorney for the Appellant.

Warren R. McGraw, Pineville, West Virginia, Attorney for the Appellee.

PER CURIAM:

Pamela N. Wooten, appellant/plaintiff (hereinafter "Ms. Wooten") appeals from a final decree entered by the Circuit Court of Wyoming County granting her a divorce from John Raymond Wooten, appellee/defendant (hereinafter "Mr. Wooten"). Ms. Wooten contends that the trial court committed error by (1) awarding her rehabilitative alimony instead of permanent alimony; and (2) in not equitably distributing the funds in her former spouse's retirement plan. After a review of the parties' arguments, the record evidence, and the pertinent authorities, we reverse the Circuit Court of Wyoming County.

## I.

### FACTUAL BACKGROUND

The parties were married on November 7, 1977. During the marriage two children were born.[1] Mr. Wooten was employed as a coal miner, as well as engaging in part-time self-employment.[2] Ms. Wooten was primarily a homemaker throughout the marriage. On October 11, 1996, Ms. Wooten filed for divorce on the grounds of irreconcilable differences. The family law master recommended child support in the amount of $715.00 and rehabilitative alimony in the amount of $650.00 per month for seven years. Ms. Wooten filed a petition for review with the circuit court objecting to rehabilitative alimony. Ms. Wooten requested permanent alimony, in an amount greater than $650.00 per month. The circuit court adopted the recommendations of the family law master

and entered a final divorce decree on December 19, 1997.

Subsequent to the final decree being entered, Ms. Wooten filed a motion to set aside the divorce decree on the grounds that a marital asset was not disposed of equitably. Ms. Wooten asserted, through excusable neglect and inadvertence, no mention or distribution of Mr. Wooten's retirement plan was made in the family law master's recommendation or the divorce decree. The circuit court denied the motion regarding the alimony award. Additionally, the circuit court denied Ms. Wooten's request for an equitable distribution of Mr. Wooten's retirement plan. This appeal followed.

## II.

### STANDARD OF REVIEW

When a circuit court adopts the family law master's recommendations this Court applies the three-pronged standard of review set forth in syllabus point 1 of *Burnside v. Burnside*, 194 W.Va. 263, 460 S.E.2d 264 (1995):

> In reviewing challenges to findings made by a family law master that also were adopted by a circuit court, a three-pronged standard of review is applied. Under these circumstances, a final equitable distribution order is reviewed under an abuse of discretion standard; the underlying factual findings are reviewed under a clearly erroneous standard; and questions of law and statutory interpretations are subject to a de novo review.

*Accord* Syl. pt. 1, *Porter v. Bego*, 200 W.Va. 168, 488 S.E.2d 443 (1997).

## III.

### DISCUSSION

#### A. Alimony

Ms. Wooten argues that the circuit court committed error in awarding her rehabilitative alimony instead of permanent alimony. This Court has noted that "[t]he

---

1. One child is now emancipated.

2. At the time of the divorce, Mr. Wooten's gross annual income was $78,018.60.

concept of 'rehabilitative alimony' generally connotes an attempt to encourage a dependent spouse to become self-supporting by providing alimony for a limited period of time during which gainful employment can be obtained." Syl. pt. 1, *Molnar v. Molnar*, 173 W.Va. 200, 314 S.E.2d 73 (1984). We held in syllabus point 3 of *Molnar*:

There are three broad inquiries that need to be considered in regard to rehabilitative alimony: (1) whether in view of the length of the marriage and the age, health, and skills of the dependent spouse, it should be granted; (2) if it is feasible, then the amount and duration of rehabilitative alimony must be determined; and (3) consideration should be given to continuing jurisdiction to reconsider the amount and duration of rehabilitative alimony.

■ Ms. Wooten contends that rehabilitative alimony is not appropriate in this case because of her age,[3] limited education[4] and lack of prior employment skills. Ms. Wooten argues that it is simply not realistic to believe that, by obtaining more education, she could maintain the standard of living to which she was accustomed during the marriage. Also, Ms. Wooten asserts that the amount of rehabilitative alimony is grossly inadequate to pay for a college education and meet her living expenses. In contrast, Mr. Wooten tersely states that rehabilitative alimony was proper and that Ms. Wooten is "a young woman, [and] has been treated fairly by the [c]ourt." This Court disagrees with

Mr. Wooten. We noted in syllabus point 6 of *Wyant v. Wyant*, 184 W.Va. 434, 400 S.E.2d 869 (1990) that:

In cases in which the supporting spouse has an income and earning capacity substantially greater than that which the dependent spouse could realistically achieve under even the best of circumstances, rehabilitative alimony may not be sufficient if the dependent spouse is the primary caretaker of minor children and did not intend to join the work force on a full time basis prior to the dissolution of the marriage.

Rehabilitative alimony is not appropriate in this case because of Ms. Wooten's age, lack of prior marketable work experience, and limited education. "Rehabilitative alimony has been utilized frequently where a younger dependent spouse entered marriage with marketable skills, which then deteriorated through nonuse, or the dependent spouse evidenced a capability for self-support, which could be developed through training or academic study." *Molnar*, 173 W.Va. at 203, 314 S.E.2d at 76. Mr. Wooten's annual income is $78,018.60. Assuming, arguendo, that Ms. Wooten obtained a higher education, it is not realistic to believe that, at age 50 years Ms. Wooten would be able to find employment in Wyoming County. On remand the circuit court should determine, based upon Ms. Wooten's proven living expenses and other relevant factors, an appropriate award for permanent alimony.[5]

---

3. Ms. Wooten was forty-nine at the time of the divorce.

4. Ms. Wooten has only a high school diploma.

5. We agree with Ms. Wooten that, based upon Mr. Wooten's income, the amount of permanent alimony should be significantly greater than the rehabilitative alimony award of $650.00 per month. West Virginia Code § 48–2–16(b) sets forth factors to be utilized in the determination of alimony and provides, in pertinent part, as follows:

(1) The length of time the parties were married;

(2) The period of time during the marriage when the parties actually lived together as husband and wife;

(3) The present employment income and other recurring earnings of each party from any source;

(4) The income-earning abilities of each of the parties, based upon such factors as educational background, training, employment skills, work experience, length of absence from the job market and custodial responsibilities for children;

(5) The distribution of marital property to be made under the terms of a separation agreement or by the court under the provisions of section thirty-two of this article, insofar as the distribution affects or will affect the earnings of the parties and their ability to pay or their need to receive alimony, child support or separate maintenance;

(6) The ages and the physical, mental and emotional condition of each party;

(7) The educational qualifications of each party;

(8) The likelihood that the party seeking alimony, child support or separate maintenance can substantially increase his or her income-

### B. Pension Fund

 Ms. Wooten contends that Mr. Wooten's pension plan is a marital asset. During one of the hearings before the family law master, Ms. Wooten testified that she was seeking one-half of the pension. Neither the recommended order of the family law master nor the final decree addressed or discussed the issue of Mr. Wooten's pension. "An order directing a division of marital property in any way other than equally must make specific reference to factors enumerated in § 48–2–32(c), and the facts in the record that support application of those factors." Syl. pt. 3, *Somerville v. Somerville,* 179 W.Va. 386, 369 S.E.2d 459 (1988). It was not until after the final decree was entered that Ms. Wooten realized that the pension fund was not distributed as marital property. Ms. Wooten filed a timely motion under Rule 60(b) of the West Virginia Rules of Civil Procedure seeking relief from the decree on the grounds of excusable neglect and inadvertence as a result of the failure to distribute the pension monies as a marital asset. The circuit court denied the motion and ruled that Ms. Wooten had, in essence, waived her claim to one-half of Mr. Wooten's pension. In so ruling, the circuit court found that the issue of Mr. Wooten's pension was not raised in the petition for review of the family law master's recommendation and that the final decree was actually drafted by counsel for Ms. Wooten.

Once Ms. Wooten realized the inadequacy of the recommended decision and the final divorce decree, she timely filed her Rule 60(b) motion. The purpose of Rule 60(b) is to correct such mistakes, as the record is clear that Mr. Wooten's pension was indeed a marital asset to equitable distribution.

 This Court reviews a trial court's ruling on a motion under Rule 60(b) for abuse of discretion. The purpose of Rule 60(b) is to correct such mistakes, as the record is clear that Mr. Wooten's pension was indeed a marital asset subject to equitable distribution. *See McDaniel v. Kleiss,* 198 W.Va. 282, 290, 480 S.E.2d 170, 178 (1996); *Johnson v. Nedeff,* 192 W.Va. 260, 266, 452 S.E.2d 63, 69 (1994). Therefore, this Court concludes that the circuit court abused its discretion by failing to grant Ms. Wooten's Rule 60(b) motion. On remand, the court shall equitably divide that portion of Mr. Wooten's pension which accrued during the parties' marriage.

### IV.

### CONCLUSION

For the reasons set forth in this opinion, the final divorce decree entered by the Circuit Court of Wyoming County is reversed. This case is remanded for an award of permanent alimony properly calculated and for the equitable distribution of Mr. Wooten's pension which was acquired during the parties' marriage.

Reversed and Remanded.

---

earning abilities within a reasonable time by acquiring additional education or training;

(9) The anticipated expense of obtaining the education and training described in subdivision (8) above;

(10) The costs of educating minor children;

(11) The costs of providing health care for each of the parties and their minor children;

(12) The tax consequences to each party;

(13) The extent to which it would be inappropriate for a party, because said party will be the custodian of a minor child or children, to seek employment outside the home;

(14) The financial need of each party;

(15) The legal obligations of each party to support himself or herself and to support any other person; and

(16) Such other factors as the court deems necessary or appropriate to consider in order to arrive at a fair and equitable grant of alimony, child support or separate maintenance.