# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Bryan H.,**
**Petitioner Below, Petitioner**

**FILED**

**November 16, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 17-0887**( Kanawha County 06-D-1623)

**Kersten H.,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner Bryan H., by counsel Christopher T. Pritt, appeals the August 31, 2017, order of the Circuit Court of Kanawha County that granted a portion of his military retirement to respondent. Respondent Kersten H., by counsel Charles R. Webb, filed a response, to which petitioner filed a reply brief.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married in August of 1989, and were divorced in April of 2007. The final order of divorce ("final order") was entered on April 19, 2007. The final order granted Respondent Kerstin H. $1,081.43 per month in child support until the parties' minor children reached the age of eighteen, and $918.57 per month in alimony. At the final divorce hearing in January of 2007, the family court engaged in discussion regarding petitioner's retirement, however, the order did not grant the distribution of a portion of petitioner's military retirement, despite the fact that distribution of retirement was discussed at length on the record.

Subsequently, in March of 2015, in response to a Petition to Modify Alimony filed by Petitioner Bryan H., respondent filed a Petition For Equitable Distribution of Retirement Plan. In her petition, respondent requested equitable distribution of petitioner's retirement benefits, in conjunction with respondent's requested modification of alimony. In the pleading, respondent asserted that petitioner enlisted in the military in May of 1988, one year before the parties were married, and that he retired in May of 2014, twenty-six years later.  Respondent pled that she was entitled to a portion of retirement benefits representing sixteen of the twenty-six years that petitioner was employed with the military. Respondent claimed that the final order mistakenly omitted the distribution of petitioner's military retirement benefits.

A hearing was held in the Family Court of Kanawha County in September of 2015. The

1

parties appeared by counsel.[1] Following the hearing, the family court granted respondent's petition for equitable distribution, ordered the parties to prepare reports regarding the starting and ending dates of the marriage and petitioner's military service, and ordered respondent's counsel to prepare an order granting respondent her martial portion of petitioner's military retirement benefits. The family court found that a review of the notes and transcripts from the final divorce hearing reflected that the issue of petitioner's retirement was raised by respondent's then-counsel and that a significant discussion was devoted to petitioner's retirement, however, the Final Order "inexplicably" omitted any reference to petitioner's military retirement plan. The family court noted further that subsequent to the entry of the order, respondent's then-counsel was disbarred from the practice of law. The family court found that this disbarment "may have affected" then-counsel's ability to effectively follow up on the retirement issue, and address the omission in the final order.

The family court also found that respondent's motion, filed eight years following the entry of the final order, was consistent with West Virginia Code § 51-2A-10, "in that the Court finds that there were clerical or other technical deficiencies contained in the order, by the fact that the retirement issue was discussed but not addressed in the final order." The family court also found that the final order was deficient, as it did not include mandatory statutory provisions related to a final order, including dates of marriage and separation. The family court found that this matter was similar to the circumstances in *Wooten v. Wooten*, 203 W. Va. 686, 510 S.E.2d 760 (1998), and held that it was not proper to penalize respondent for the failures of her counsel. Finally, the family court found that granting relief to respondent would not materially affect the rights of the parties.

Petitioner appealed the order of the family court in March of 2016, complaining that the order was not subject to modification pursuant to West Virginia Code § 51-2A-10, and that the doctrine of laches prevented the re-distribution of petitioner's military retirement benefits. Following oral argument, the circuit court denied petitioner's appeal by order entered on August 31, 2017. Petitioner now appeals the August 31, 2017, order of the Circuit Court of Kanawha County that granted a portion of petitioner's retirement pension to respondent.

> In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial, and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to de novo review.

Syl. Pt. 3, *State v. Vance*, 207 W. Va. 640, 535 S.E.2d 484 (2000).

Petitioner's sole assignment of error on appeal is that the circuit court abused its discretion and erred in ruling that respondent was entitled to a portion of petitioner's military retirement eight years after the entry of the final divorce order. Petitioner argues that the lower courts mistakenly relied upon *Wooten*, and attempts to distinguish *Wooten* by arguing that in

---

[1] Petitioner's counsel in this appeal did not represent her in the underlying proceeding.

2

*Wooten*, the appellant sought relief within one year of the entry of the final divorce order. Below, the circuit court found that the April 19, 2007, Final Order of Divorce completely omitted reference to petitioner's retirement, and that the family court did not abuse its discretion by taking judicial notice of the fact that respondent's counsel was disbarred shortly after the entry of the final order. The circuit court found further that the family court's finding was consistent with the provisions of § 51-2A-10, because there were clerical and other technical deficiencies in the final order. Pursuant to West Virginia Code § 51-2A-10,

> (a) Any party may file a motion for reconsideration of a temporary or final order of the family court for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been available at the time the matter was submitted to the court for decision; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) clerical or other technical deficiencies contained in the order; or (5) any other reason justifying relief from the operation of the order.

> (b) A motion for reconsideration must be filed with the clerk of the circuit court within a reasonable time and for reasons set forth in subdivision (1), (2) or (3), subsection (a) of this section, not more than one year after the order was entered and served on the other party in accordance with rule 5 of the rules of civil procedure. The family court must enter an order ruling on the motion within thirty days of the date of the filing of the motion.

Here, although the parties discussed the distribution of petitioner's retirement benefits on the record, the final order omitted any reference to petitioner's retirement. Further, we find no abuse of discretion in the circuit court's finding that the omission of petitioner's retirement was a "clerical or technical error." As a result, the circuit court found and we agree that respondent's motion was consistent with West Virginia Code § 51-2A-10, and find that the circuit court did not err in granting respondent's motion.

Petitioner also argues that the doctrine of laches prevents the division of his retirement plan.

> "Where a party knows his rights or is cognizant of his interest in a particular subject-matter, but takes no steps to enforce the same until the condition of the other party has, in good faith, become so changed, that he cannot be restored to his former state if the right be then enforced, delay becomes inequitable, and operates as an estoppel against the assertion of the right. This disadvantage may come from death of parties, loss of evidence, change of title or condition of the subject-matter, intervention of equities, or other causes. When a court of equity sees negligence on one side and injury therefrom on the other, it is a ground for denial of relief." *Carter v. Price*, 85 W.Va. 744, 102 S.E. 685 (1920), Syllabus Point 3.

Syl. Pt. 2, *Mundy v. Arcuri*, 165 W. Va. 128, 267 S.E.2d 454 (1980). The circuit court found that petitioner's argument regarding the doctrine of laches fails, because petitioner "only began to

receive his benefits on August 28, 2013." The circuit court found further that petitioner initiated the current proceedings by filing a motion to modify child support and cease alimony payments, and as a result, respondent brought up the issue of retirement, and the fact that it was not distributed in the Final Order. We have held that, "'[t]he general rule in equity is that mere lapse of time, unaccompanied by circumstances which create a presumption that the right has been abandoned, does not constitute laches.' Syllabus Point 4, *Stuart v. Lake Washington Realty Corporation*, 141 W.Va. 627, 92 S.E.2d 891 (1956)." Syl. Pt. 4, *Laurie v. Thomas*, 170 W. Va. 276, 294 S.E.2d 78 (1982). Here, there is no evidence that respondent abandoned her right to a portion of petitioner's retirement benefits. The record reflects that respondent requested a relevant portion of petitioner's retirement prior to the final divorce order, and, at the final divorce hearing the parties discussed distribution of petitioner's retirement at length. Once petitioner filed a motion to modify child support and cease alimony payments, respondent again asserted her right to a portion of petitioner's retirement plan. Consequently, we find no evidence that petitioner abandoned her right to a portion of respondent's retirement benefits, and decline to reverse on that ground.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 16, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment

**DISQUALIFIED:**

Justice Tim Armstead

4