**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


**Larry D. Justham,**
**Plaintiff Below, Petitioner**

**vs.)   No. 21-0900** (Calhoun County 21-C-3)

**Gregory Laughlin, Patricia Laughlin,**
**and Glenna Laughlin,**
**Defendants Below, Respondents**


**MEMORANDUM DECISION**


Petitioner Larry D. Justham appeals the October 12, 2021, order of the Circuit Court of Calhoun County dismissing his 2021 civil action—involving a dispute about a real estate transaction that occurred in 2006—based upon the applicable ten-year statute of limitation and the doctrine of laches.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate pursuant to Rule 21 of the West Virginia Rules of Appellate Procedure.

In 2006, petitioner, an attorney then living and practicing law in Florida, and Respondent Gregory Laughlin ("Gregory") executed two contracts for petitioner's purchase of real property owned by Gregory in the Washington District of Calhoun County.[2] Pursuant to the contracts, Gregory conveyed the real property to petitioner by a general warranty deed dated October 2, 2006.[3] The deed "EXCEPTED and RESERVED from the operation of this conveyance all of the

---

[1]Petitioner is self-represented. Respondents Gregory Laughlin, Patricia Laughlin, and Glenna Laughlin appear by counsel Charles R. Bailey and Katherine H. Arritt.

[2]The second contract executed by the parties allowed petitioner to take possession of the real property prior to Gregory's delivery of a deed.

[3]At the time of the 2006 conveyance, petitioner was married, and the deed from Gregory reflected that petitioner's wife was petitioner's co-grantee. In 2007, as a part of their divorce, petitioner's wife conveyed her interest in the real property to him.

1

oil, gas[,] and other minerals within and underlying said tract of land." The deed was recorded in the office of the Clerk of the Calhoun County Commission in October of 2006.

On May 13, 2021, petitioner filed a complaint in the Circuit Court of Calhoun County against Gregory and his wife and daughter, Respondents Patricia Laughlin ("Patricia") and Glenna Laughlin ("Glenna"). Petitioner asserted the following causes of action: a request for specific performance of the 2006 contracts, breach of contract, fraud, theft, and unjust enrichment. Under the specific performance and breach of contract counts, petitioner alleged that Gregory agreed in the 2006 contracts to convey to him all of Gregory's rights in the real property, including the mineral rights, but failed to comply with that contract term. However, as a part of the fraud count, petitioner asserted that Patricia acted as Gregory's real estate agent[4] during the 2006 land transaction and made fraudulent misrepresentations to petitioner "by denying that Gregory . . . possessed any mineral rights and claiming [that] the mineral rights had been [severed] from the property by the original owner." Accordingly, petitioner's complaint set forth two contradictory allegations: (1) that the parties agreed in the 2006 contracts that Gregory's conveyance of the real property to petitioner would include the mineral rights, but (2) that Patricia told petitioner that Gregory had no mineral rights to convey to him.

Also, under the fraud count, petitioner alleged that Gregory and Patricia provided "an altered document"—although petitioner's complaint does not specify which document was altered—"and communicated false information" to the attorney who prepared the 2006 deed in which the mineral rights were reserved by Gregory. In further asserting theft and unjust enrichment, petitioner claimed that Gregory's retention of the mineral rights allowed respondents to continue to enjoy those rights and the royalty payments they generated, including a series of transactions (starting in 2017) by which Gregory transferred the mineral rights to Patricia and Glenna. As relief, petitioner sought to require respondents to transfer the mineral rights to him and to have the circuit court award him compensatory and punitive damages against respondents.

Respondents filed answers denying the allegations in petitioner's complaint, in which they raised the applicable statutes of limitation and the doctrine of laches as defenses to his civil action. On July 28, 2021, respondents filed a motion to dismiss petitioner's complaint, arguing that his action was time-barred by the applicable statutes of limitation and the doctrine of laches. Petitioner did not file a response to the motion to dismiss, but he filed a motion seeking leave to file an amended complaint and an amended motion seeking leave to file an amended complaint. As no amended complaint is in the appellate record, we assume that petitioner filed those motions without tendering to the circuit court his proposed amended complaint.[5] However, in his amended

---

[4]According to respondents, Patricia acted as dual agent for petitioner and Gregory during the 2006 land transaction.

[5]In *State v. Honaker*, 193 W. Va. 51, 454 S.E.2d 96 (1994), we stated that we must "take as non[-]existing all facts that do not appear in the [appendix] record and will ignore those issues where the missing record is needed to give factual support to the claim." *Id.* at 56 n.4, 454 S.E.2d at 101 n.4.

2

motion, petitioner argued that, if the circuit court granted him leave to amend his complaint, he would "specifically address the issue of [the] statute[s] of limitation more precisely than in the original complaint."

On October 5, 2021, the circuit court held a hearing on respondents' motion to dismiss. At the hearing, petitioner conceded that, under either party's reading of the 2006 deed, he knew at the time of that conveyance that the deed was not conveying him the mineral rights. According to petitioner, Patricia misled him into believing that the reservation clause was West Virginia "boilerplate" language "in deeds to show that the current seller [(Gregory)] does not have any mineral rights to transfer."[6]

The circuit court, by order entered on October 12, 2021, granted respondents' motion and dismissed petitioner's claims at law pursuant to West Virginia Code § 55-2-1,[7] the statute of limitation for actions to recover land, which had the longest limitation period (ten years) applicable to the parties' case. The circuit court found that "[n]either party contests that the conduct forming the basis of the complaint occurred in 2006," and petitioner did not file his complaint against respondents until May of 2021, approximately fourteen years later. The circuit court recognized that petitioner's request for specific performance and (potentially) his fraud claim were claims in equity and subject to the doctrine of laches. The circuit court determined that the doctrine of laches barred petitioner from bringing his equitable claims, finding that petitioner's approximately fourteen-year delay in filing his complaint detrimentally affected respondents' ability to defend against the claims. Although petitioner's request to file an amended complaint was argued by the parties at the October 5, 2021, hearing, the circuit court did not rule on the request. Rather, the circuit court found that its dismissal of petitioner's action rendered moot "all other motions before the [c]ourt."

Petitioner now appeals the circuit court's October 12, 2021, order dismissing his civil action. We review the dismissal of petitioner's action de novo. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick*, 194 W. Va. 770, 461 S.E.2d 516 (1995). The sufficiency of a complaint may be tested pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. *See Newton v. Morgantown Mach. & Hydraulics of W. Va., Inc.*, 242 W. Va. 650, 653, 838 S.E.2d 734, 737 (2019). Rule 12(b)(6) provides that an action may be dismissed for "[a] failure to state a claim upon which relief can be granted."

---

[6]At the October 5, 2021, hearing, petitioner stated that, in Florida, he practiced criminal law rather than civil law.

[7]West Virginia Code § 55-2-1 provides that "[n]o person shall make an entry on, or bring an action to recover, any land, but within ten years next after the time at which the right to make such entry or to bring such action shall have first accrued to himself or to some person through whom he claims."

On appeal, petitioner argues that the circuit court should have granted his request to file an amended complaint rather than granting respondents' motion to dismiss his complaint based upon the applicable ten-year statute of limitation and the doctrine of laches. Respondents counter that the circuit court properly granted their motion to dismiss. We agree with respondents.

Pursuant to Rule 8(c) of the West Virginia Rules of Civil Procedure, statutes of limitation and the doctrine of laches constitute affirmative defenses. "An affirmative defense 'will defeat the plaintiff's . . . claim, *even if all the allegations in the complaint are true.*'" *Gomez v. A.C.R. Promotions, Inc.*, No. 17-1048, 2019 WL 2499617, at *2 n.1 (W. Va. June 17, 2019) (memorandum decision) (emphasis in original) (quoting Black's Law Dictionary 509 (10th ed. 2014)).

Here, petitioner conceded that he knew at the time of the conveyance that the deed was not conveying him the mineral rights. We concur with the circuit court's finding that petitioner's complaint was untimely, as it is undisputed that the conduct at issue occurred in 2006 but petitioner did not file his complaint against respondents until May of 2021. While petitioner argues that the circuit court should have granted his request to file an amended complaint, given his concession, we find that any amendment to his complaint would have been futile. *See Johnson v. Pinson*, 244 W. Va. 405, 415, 854 S.E.2d 225, 235 (2020) (finding that "[i]t is not an abuse of discretion to deny a motion to amend if the proposed amendment would be futile") (internal quotations and citations omitted).

Petitioner attempts to avoid the application of the statute of limitation by arguing that the series of transactions (starting in 2017), by which Gregory transferred the mineral rights to Patricia and Glenna, each represented a new breach of the 2006 contracts to convey the real property to petitioner. We disagree, as "[a] claim for breach of contract requires proof of the formation of a contract, *a breach of the terms of that contract*, and resulting damages." *Sneberger v. Morrison*, 235 W. Va. 654, 669, 776 S.E.2d 156, 171 (2015) (citing Syl. Pt. 1, *State ex rel. Thornhill Group, Inc. v. King*, 233 W. Va. 564, 759 S.E.2d 795 (2014)) (emphasis added). The 2006 contracts provided that Gregory would convey the real property to petitioner, and the parties dispute whether the contractual terms required that the conveyance include the mineral rights. Therefore, we find that, if the 2006 contracts were breached, such breach occurred in October of 2006 when Gregory conveyed the real property while reserving the mineral rights to himself.

We similarly disagree with petitioner's argument that the aforementioned series of transactions and respondents' continued enjoyment of the mineral rights constituted continuing misconduct by respondents, which tolled the statute of limitation. Whichever party was the owner of the minerals following the 2006 land transaction had the right to enjoy and transfer the mineral rights however he pleased. Thus, we find that petitioner was injured, if at all, at the time of the conveyance in October of 2006. By his own admission, petitioner knew in 2006 that the deed was not conveying the mineral rights to him. Accordingly, we conclude that the circuit court properly dismissed petitioner's claims at law as time-barred, pursuant to West Virginia Code § 55-2-1, and committed no error in not granting petitioner's request to file an amended complaint.

As noted by the circuit court, we have held that,

4

"[w]here a suit based on fraud is not for damages but seeks to rescind a writing or impose a trust or other equitable relief, it is not a common law action for fraud but is equitable in nature. Consequently, the doctrine of laches is applicable rather than any specific statute of limitation period." Syllabus Point 3, *Laurie v. Thomas*, 170 W.Va. 276, 294 S.E.2d 78 (1982).

Syl. Pt. 7, *Dunn v. Rockwell*, 225 W. Va. 43, 689 S.E.2d 255 (2009). Petitioner alleges fraud in one count of his complaint and asks for a corrected deed in his count asking for specific performance. "The elements of laches consist of (1) unreasonable delay and (2) prejudice." *State ex rel. Webb v. W. Va. Bd. of Medicine*, 203 W.Va. 234, 237, 506 S.E.2d 830, 833 (1998) (quoting *Province v. Province*, 196 W.Va. 473, 483, 473 S.E.2d 894, 904 (1996)).

Due to the approximately fourteen-year gap between the parties' 2006 land transaction and the filing of petitioner's action in May of 2021, we concur with the circuit court's finding that his delay in bringing his action was unreasonable. We further concur with the circuit court's finding that the delay prejudiced respondents' ability to defend against petitioner's claims given that memories of witnesses fade over that length of time. Petitioner argues that his claims can be adjudicated based upon only the contracts for his purchase of the real property and the deed making the conveyance. However, we find that the allegations in petitioner's complaint contradict his argument because petitioner alleged not only that Gregory and Patricia misled him, but also that they provided false information to the attorney who prepared the 2006 deed. Therefore, due to the allegations of fraudulent misrepresentations, we find that witness testimony would be relevant and potentially necessary to petitioner's claims. Thus, we concur with the circuit court's finding that petitioner's unreasonable delay in filing his action caused prejudice to respondents. Accordingly, we conclude that the circuit court properly dismissed petitioner's claims in equity pursuant to the doctrine of laches.

For the foregoing reasons, we affirm the circuit court's October 12, 2021, order dismissing petitioner's civil action.

Affirmed.

**ISSUED**: October 26, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn